## John King v. Daniel B. Harrington.

*Ejectment: Compensation to defendant for improvements: Statutory title and mesne profits: Set off.* The statute authorizing a defendant in ejectment to claim compensation in certain specified cases, for the value of improvements made by him, confines the privilege to cases where the possession has been held, and the improvements made by virtue of the specific titles mentioned in the statute—*2 Comp. Laws, §4,603.* It excludes the cases where the defendant claims title in any other way.

Where, therefore, a defendant entered into possession of premises and claimed title thereto, by virtue of several tax titles, and a sheriff's deed under execution sale, and made improvements, and continued in possession during six years, it was held that he did not come within the provisions of the statute.

*Held further,* That though not entitled to compensation for improvements under the statute, yet he might still, by way of set off, obtain compensation to some extent for improvements if the plaintiff should proceed for the recovery of mesne profits.—*2 Comp. L.* § 4,602.

*Heard April 9. Decided April 20.*

Error to St. Clair Circuit.

This was an action of ejectment. The defendant having claimed compensation for improvements under the statute —*2 Comp. L.* § § *4,693 to 6*—sought to defeat plaintiff's title by proving title in himself; first, by deed made on a sale under execution; and, second, under several deeds from the Auditor General, for delinquent taxes. Judgment for possession was rendered in favor of the plaintiff, and a judgment for compensation for improvements in favor of the defendant.

*Mitchell & Farrand,* and *Maynard & Meddaugh,* for plaintiff in error.

In this case, the plaintiff is the owner under a patent from the United States. The defendant is in possession claiming adverse title.

The plaintiff's title is undisputed; but defendant claims that he has such a title, and has had such possession as entitles him to compensation for improvements.

The defendant holding and claiming under the sheriff's deed, as well as the tax deed, cannot claim that he has

been in actual possession of the premises for six successive years before the commencement of the suit, claiming title by virtue of a sale made by the Auditor General, for the non-payment of taxes, and therefore is not entitled to compensation for improvements under section 4603 of the compiled laws.

To entitle him to such compensation, he should have taken possession under, and relied only on, his tax title. He stands in the same position as if he had no tax title, and claimed only under sheriff's deed.

This statute is in contravention of the common law, and to entitle a party to its benefits, he must be strictly within the statute. However much equity might abate from the damages in an action for the mesne profits, no decision goes to the extent of giving improvements against, or as contingent to, a recovery of possession. Improvements might be set off or recouped in the action for waste or mesne profits, but not set up to prevent or hinder the original recovery.— *1 Kent. Com. 334; 5 Johns. 272; 1 A. K. Marshall, 444; 2 Johns. Cas. 281; 1 Johns. Ch. 387; 8 Wheat. 81 and 82.*

According to the strict rules of the common law, the owner recovers his land in ejectment, without being subjected to the condition of paying for the improvements which may have been made upon the land by an adverse possessor.—*Blackwell on Tax Titles, 587; 4 Metc. (Ky.) 323.*

*G. V. N. Lothrop,* and *C. F. Harrington,* for defendant in error.

The action is ejectment, and the material facts are as follows:

Plaintiff below claims under a patent issued to him May 22d, 1843.

One Atwater attached the lands in question in a suit against plaintiff below; recovered judgment November 9th, 1849, under which said lands were sold by the sheriff and

deeded May 20th, 1851, to Minnie and Ashley, who, March 22d, 1852, conveyed to the defendant.

This attachment proceeding proved to be wholly void for want of jurisdiction.

The land was sold for taxes, for 1847, 1849 and 1850, and the Auditor General, by three deeds, dated respectively November 20th, 1850, October 27th, 1852, and November 20th, 1854, conveyed said lands to defendants below.

In the fall of 1852 said defendant entered into possession of said lands.

On March 24th, 1854, said defendant being in possession, filed his bill in chancery against said plaintiff, and another " to avoid an alleged fraud in attempting to establish an unauthorized redemption of the attachment title."

In this proceeding a decree was rendered according to the object of the bill of complaint.

In the present action of ejectment, the attachment sale and all the tax deeds were ruled to be invalid; and then the question arose as to the defendant's right to be allowed compensation under sec. 4693 of the compiled laws.

At the trial the plaintiff objected that the defendant could not give the tax deeds in evidence and claim possession under them, because, in the chancery proceeding, he had not, in any way, set up his tax titles. This involves, as I understand, the only question in the case, and the various errors all point to that.

1. The tax deeds were the competent evidence of the fact that the lands had been sold at tax sale and deeded by the Auditor General. No authority need be cited to prove this.

They were under the statute *prima facie* evidence of title. The burden of proof to show the invalidity of such deeds was thereby placed on the plaintiff. — *Rev. Stat. of 1846*, § *82, p. 114; 1 Comp. L. p. 318 (906); Sibley v. Smith, 2 Mich. 486; Lacey v. Davis, 4 Id. 140.*

The defendant had a right to put in all his tax deeds; in other words, to rely on all his titles in defense, so

held expressly in this court.—*Tweed* v. *Metcalf, 4 Mich. 587; Amberg v. Rogers, 9 Id. 332; Case v. Dean, 16 Id. 30.*

2. The chancery proceedings constituted no estoppel. A judgment or decree does not estop a person from raising, in a subsequent action, questions not litigated or decided in the first action. — *Knauth v. Bassett, 34 Barb. 31; 16 N Y. 575.*

No acts work an estoppel *in pais* unless some one has been thereby induced to act in such way that it would now be inequitable to allow the contrary to be set up. *Ackley vs. Dygert, 33 Barb., 176 ; Dezell vs. Odell, 3 Hill, 226 ; Lawrence v. Brown, 5 N. Y., 394; Chautauque Bank vs. White, 6 Id., 236 ; Jewett vs. Miller, 10 Id., 402 ; Plumb vs. Cattaraugus Mut. Ins. Co., 18 Id. 392.*

CHRISTIANCY J.

This was an action of ejectment. The plaintiff in error, who was also plaintiff below, deduced a perfect title from the United States.

The defendants, having pleaded the general issue, and filed a claim for compensation for improvements under sections 4603 to 4606 of compiled laws, undertook, on the trial, to defeat the plaintiff's title by proving title in himself: 1st, under a deed made on a sale under an execution issued on a judgment in an attachment suit against the plaintiff, the proceedings in which he introduced in evidence; 2ndly, under certain deeds from the Auditor General for delinquent taxes. He also showed that he went into possession, claiming title from both these sources (the deed on the execution sale and the tax deeds), and that, in reliance upon both, he had made large improvements on the land, and had remained in possession, relying upon all the deeds, for more than six years before the commencement of the action.

Both the deed from the sheriff and those made under the tax sale, having, on the trial, been shown by the plaintiff to be invalid; the question arose whether the defendant,

under these circumstances, was entitled to compensation for his improvements. The Circuit Court held that he was; and this is the question for our decision.

It is insisted, on the part of the defendant, that though he claimed under, and relied upon, both species of title, he did not the less claim under each; and that, though he claimed title under the sheriff's deed, it is none the less true that he "claimed title by virtue of a sale made by the Auditor General for taxes," and that this brings him within the words and intention of the statute, as clearly as if he had claimed title on the latter ground only.

This argument at first view seems plausible, as it appears to bring the defendant within the letter of the statute; and I confess I was at first disposed to doubt whether it did not also bring him within its intention. But on reflection, I am disposed to agree with my brethren, that the legislature having given this privilege to the defendant in ejectment in certain specified cases only, have by this specification just as clearly shown their intention to exclude every other class of cases from the operation of the statute, as if they had expressly so declared; and having therefore (as applied to this case) given the right only to a defendant claiming title by virtue of a sale made for taxes, the legislature must be supposed to have intended to exclude cases where the defendant claims title in any other way, and to have intended to confine the privilege to cases where the possession has been held and the improvements made in reliance solely upon the tax sale and deed, or at least upon this and some of the other modes specified in the statute.

We therefore think the defendant was not entitled to compensation for improvements under this provision of the statute; though he might still, by way of set off, obtain compensation to some extent for improvements under section 4602, if the plaintiffs should proceed for the recovery of mesne profits. The judgment of the Circuit Court, in so far as it relates to compensation to the defendant for im-

18 MICH.—P.

provements, must be reversed, with costs, and so far as it is in favor of the plaintiff for the recovery of the lands, it must be affirmed.   This being ejectment, the record should be remitted to the court below, as the defendant may ( if this was the first trial ) be entitled to a new trial under the statute.

The other Justices concurred.