ALEXANDER CARTER, JR., V. RANDALL A. BROWN.

[FILED NOVEMBER 10, 1892.]

1. **Ejectment:** RIGHTS OF OCCUPYING CLAIMANT: IMPROVE-
   MENT AND TAXES. To entitle the defendant in ejectment on
   eviction at the suit of the owner of real estate to recover under·
   the provisions of the occupying claimants act for improvements
   and taxes paid while in possession, it must appear that such im-
   provements were made or such money paid while he was in
   good faith claiming title, legal or equitable, to the premises de-
   rived from some public office or from the United States or the
   state of Nebraska.

2. ———: ———: ———. L., whose only title to real estate was
   derived from certain tax deeds conceded to be void, executed in
   favor of C. a title bond conditioned that he would convey said
   property on payment of the consideration, at the expiration of
   five years. Subsequently B., the owner, recovered judgment
   for possession thereof in an action of ejectment against C., in
   which the latter sought to recover under the occupying claim-
   ants act for improvements and taxes paid by him. *Held*, in
   the absence of evidence that C.'s possession, actual or construct-
   ive, was by virtue of said bond, or that such money was expended
   for taxes and improvements, while in good faith relying upon a
   title acquired thereby, that a judgment for the plaintiff should
   not be disturbed.

ERROR to the district court for Washington county. Tried below before HOPEWELL, J.

*W. H. Eller*, for plaintiff in error.

*W. C. Walton*, and *Charles H. Brown, contra.*

POST, J.

This was an action of ejectment by the defendant in error in the district court of Washington county to recover possession of the northeast quarter of the southwest quarter of section 21, township 19, range 11 east, in said county. The petition is in the usual form and does not call for especial notice. The answer denies the title of plaintiff and alleges title in the defendant through certain tax deeds and a title bond which will be more particularly described hereafter. At the April, 1886 term the plaintiff's cause of action was confessed so far as his title was concerned, and judgment entered in his favor in pursuance of the following stipulation :

"It is hereby stipulated by and between the parties hereto, that at the April term of court this defendant (plaintiff) may take judgment in his favor for possession in this cause, * * * and that the question of rents and profits, and improvements, and such other things and differences as are set up in defendant's answer or the defendant may have, shall be continued for settlement, or until the next term of this court."

Not being able to agree upon a settlement of the remaining issues, the case was sent to a referee with instructions to hear the evidence and report his findings of fact and conclusions of law upon the question of the plaintiff's claim of damage for rents and profits, and the defendant's claim for taxes and improvements. Subsequently, the referee submitted the following report:

"1. That defendant took a conveyance of the land from Victor G. Lantry by a bond for a deed September 10, 1882.

"2. That defendant took possession of the land and enjoyed the rents and profits of the same for the years 1883, 1884, 1885, 1886, and 1887.

"3. That the rental value of the forty acres of land in controversy during the five years above mentioned was fifty cents per acre for each year.

"4. That defendant, subsequent to February 23, 1883, placed upon the land lasting and valuable improvements of the present value of forty dollars.

"5. That payments of taxes for the land in controversy have been made and instruments and documents concerning the land have been made, and delivered, such as are shown in the schedule hereto attached and made a part of this report, marked 'Exhibit A,' said schedule showing tax deeds, certificates of sale for taxes, quitclaim deeds, powers of attorney, one bond for a deed, and payments of taxes.

"6. That the power of attorney shown in said schedule as to date, June 10, 1881, is defective, in so far as the acknowledgment before the notary fails to show any one personally appearing before him except Alice Marsilla Eaton.

"7. That all of the tax deeds and some of the certificates of sale and tax receipts shown in said schedule are for other lands as well as the lands in controversy.

"I make the following conclusions of law:

"1. That plaintiff is entitled to the sum of $100 as rents and profits.

"2. That defendant is not entitled to pay for the improvements put upon the land.

"3. That defendant is entitled to a lien for the taxes paid with interest, for the years 1882, 1883, 1884, 1885, and 1886, as far as pleaded in his answer, and that he is

entitled to a lien for a part of the taxes paid for each of the following years with interest: 1861, 1862, 1863, 1864, 1865, 1866, 1867, 1870, 1871, 1872, 1873, 1875, 1876, and 1879."

Exceptions were taken to the findings by the respective parties which present the questions herein considered. The first objection to the judgment relied upon by the plaintiff in error in this court is the allowing in favor of the plaintiff below of rents and profits for a period ante-cedent to the date of notice of the latter's claim of title by service of summons in the ejectment suit. That question was fully considered in the case of *Fletcher v. Brown, ante,* p. 660, decided at this sitting. That case involved precisely the same facts as this, and the conclusion there reached is decisive of the question. The other questions presented by the record are all included in the one inquiry: Is the plaintiff in error on the record of the case entitled to the benefits of the occupying claimants act (ch. 63, Compiled Statutes)? His only title or pretense thereof is a title bond executed in his favor by Victor G. Lantry September 10, 1882, which is conditioned that upon the payment of the consideration therefor, of which $300 matures five years after date, he, Lantry, would convey said premises to plaintiff in error by a good and sufficient deed. It was further provided therein that in case said Lantry was not, at the expiration of five years, able to convey by a perfect title that the damage for the breach of said contract should be the consideration paid without interest. Although plaintiff in error was a witness in his own behalf, there is in the bill of exceptions no evidence of payment by him of the consideration of the land, nor is there any proof whatever of any equity in him aside from the bond for a deed. It is not shown that he made the improvements or paid the taxes for which he claims in good faith, relying upon his title under the bond from Lantry, nor even that he went into possession, either actual or constructive, by

virtue thereof, or even held or claimed to hold under or by virtue of said bond. Lantry's only title or claim was by virtue of certain treasurer's tax deeds admitted to be void and for taxes paid by himself and grantors. There is no evidence that his rights, whatever they may be on account of taxes so paid, have been assigned to the plaintiff in error, hence it is plain the latter cannot recover on that cause of action. (*Fletcher v. Brown, supra.*)

But there is still a more serious objection to his recovery and one which goes not only to the claim for taxes paid by Lantry and his grantors, but to the claim for improvements, and taxes paid by the plaintiff in error, viz., that he is not shown to have any such title to or interest in the premises in controversy as will entitle him to the benefits of occupying claimants act. That law was intended for the protection of those occupants of real estate only who have improved the same or expended money for taxes thereon, while relying in good faith upon such title as is mentioned in the act, and its provisions will not be extended to cases which cannot by a reasonable construction be held to be within their terms. (*King v. Harrington*, 18 Mich., 213; *R. Co. v. Hardenbrook*, 21 Kan., 440.) In the last named case it is said by Judge Valentine that "In order to get the benefits of the occupying claimants act the records must show *prima facie* at least that at the time he made the improvements on the land he had an interest therein, and that such interest was of that high character which may properly and rightfully be denominated in law or equity a title. No interest less than an apparent title would be sufficient." The provision of our statute is: "That in all cases where any person claiming title to real estate, whether in actual possession or not, for which such person can show a plain and connected title in law or equity derived from the records of some public office or from the United States or from this state, or derived from any such person by devise, descent, deed, contract, or bond, such person or persons claiming or holding

as aforesaid shall not be evicted or turned out of possession," etc. What plaintiff in error was required to show was a plain and connected title in law or equity derived from the records of some public office or from another so claiming or holding by contract or bond. It may be conceded that Lantry had such title as would have been a sufficient pro‑ tection to him as to improvement made in good faith, and that plaintiff in error would also have been within the statute had he taken and held possession under the title bond. But as his possession is not shown to have been under or by virtue of said bond, it follows that there is no such privity between him and Lantry as would entitle him to invoke the protection of the statute as against the owner of the title.

At common law we know the occupant of real estate was without remedy, upon eviction, for improvements. Whatever was annexed to the freehold the law deemed a part of it and inured to the benefit of the owner, and an occupant made improvements at his peril, although in good faith relying upon his own title. Finally, the rule was adopted by courts of equity, following the civil law, that when a *bona fide* occupant of property made improve‑ ments thereon in an honest belief of ownership, and the true owner was obliged to invoke the powers of a court of chancery, the court, by an application of the maxim, he who seeks equity must do equity, would compel him to pay for the improvements. (Sugden on Vendors, ch. 22, secs. 54, 55, 57; Story's Eq. Jur., 779a, 799b.) Courts of law subsequently modified the strict rule of the common law to the extent that in an action for *mesne* profits the *bona fide* occupant might recoup the value of his improve‑ ments. (2 Kent, Com., 335, *Jackson v. Loomis*, 4 Cow. [N. Y.], 168.) If the improvements exceed in value the owner's claim for *mesne* profits, the common law affords the occupant no remedy, while the right of the owner to recover his rents does not depend upon the statute. The radical

changes wrought by the statute are, first, that the occupant is not obliged to wait for the owner to sue for *mesne* profits, but may have his right to compensation determined before eviction, and, second, he is not limited to the value of the rents and profits, but under certain conditions is entitled to recover the full value of his improvements. When we consider the law as settled before the adoption of the statute and the wrong it was intended to remedy, we are unable to see any warrant for the exclusion of the element of good faith, which was always essential, as a condition to a recovery for improvements by a stranger to the title.    There is a class of cases which hold that where the defendant's possession is under *color of title*, improvements by him will be presumed to have been made in good faith, but we have examined no such case in which the occupant is not shown to have entered and held possession by virtue of a contract or conveyance with one, at least, asserting title.    There being no error apparent from the record the judgment is

AFFIRMED.

THE other judges concur.