CITY OF FLORENCE V. MARY A. WHITE.

FILED FEBRUARY 3, 1897.   No. 7066.

Adverse Possession. One who has been in the open, notorious, exclusive adverse possession of real property for ten years becomes vested with a valid title to the same.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.   *Affirmed.*

*McCoy & Olmsted,* for plaintiff in error.

*Slabaugh & Rush, contra.*

RYAN, C.

This was an action of ejectment brought in the district court of Douglas county January 1, 1893. The subject-matter of the litigation was known as "South Market Square," in the city of Florence. The plaintiff in the district court, Mary A. White, alleged that she had a legal and equitable estate and was entitled to the possession of said square, and that ever since November, 1888, the defendant, the city of Florence, had unlawfully kept her out of possession. There was a prayer for possession and for damages which she alleged she had sustained by reason of the aforesaid wrongful dispossession. Issues having been duly joined, there was a verdict in favor of Mrs. White, in which her damages were assessed at the sum of five cents, and to reverse the judgment rendered upon this verdict there has been prosecuted these error proceedings by the city of Florence.

There was a special finding, upon sufficient evidence, that Mrs. White first took possession of the square in dispute and placed a fence around it in March, 1868. There was evidence to justify the conclusion that this possession of Mrs. White was open, adverse, and continuous until some time in the year 1881, from which time

until suit brought there is a serious conflict as to who was in possession until the year 1888. There was, therefore, sufficient evidence to sustain the general verdict, from which it must be implied that before the year 1881 Mrs. White had acquired title by virtue of her actual, continuous, and notorious adverse possession. (*Gatling v. Lane*, 17 Neb., 77, 80; *Haywood v. Thomas*, 17 Neb., 240; *Horbach v. Miller*, 4 Neb., 47; *Pettit v. Black*, 13 Neb., 142; *Stettnische v. Lamb*, 18 Neb., 626; *Parker v. Starr*, 21 Neb., 680; *Gue v. Jones*, 25 Neb., 634; *Lantry v. Parker*, 37 Neb., 353.)

It is insisted that there was no evidence of declarations of Mrs. White as to her intention in taking and maintaining the possession upon which she founded her title. There was evidence, however, that she took possession, fenced, and year by year leased the property to a tenant who cultivated it, or herself planted corn on it, during the period above indicated of more than ten years, with intention of holding it as a homestead. There was no necessity that she should give notice of her intentions otherwise than as she did; that is, by fencing the property and using it as her own, independently of all the world.

There was an offer of evidence by the plaintiff in error to show that it was customary, during the period intervening between 1868 and 1881, for residents of Florence to take possession of streets and other property of the city with the purpose of using them temporarily, without making claim of title founded on such possession, and that the city authorities acquiesced in such possession. This was not claimed to be such an established, recognized custom, by reason of its universality, that it was presumable that Mrs. White was acting with reference to it and should be governed by it. The proffered evidence was, therefore, properly excluded.

There is no special argument directed to instructions, either given or refused; indeed, there was no assignment of error in the motion for a new trial which would permit of consideration, except as to an instruction of the plaint-

iff in error which was refused, but as the essential substance of this was given in another instruction by the court on its own motion, there is no ground for complaint because of the refusal to instruct as requested. The judgment of the district court is

AFFIRMED.