| 52 | 647 |
| 53 | 158 |
| 54 | 250 |

## LEWIS FINK v. JOHN L. DAWSON.

. FILED NOVEMBER 18, 1897.　No. 7523.

1. **Adverse Possession: TITLE TO REALTY.** Ordinarily one who has been in the actual, open, exclusive, adverse, and uninterrupted possession of real estate for ten years thereby acquires absolute title to the same.

2. **Ejectment: ADVERSE POSSESSION: PLEADING: EVIDENCE.** In an action of ejectment, under an answer denying plaintiff's title and right of possession to the premises, the defendant may show title in himself by adverse possession.

ERROR from the district court of Gage county. Tried below before BABCOCK, J. *Reversed.*

*Alfred Hazlett* and *Fulton Jack*, for plaintiff in error.

*E. N. Kauffman, contra.*

NORVAL, J.

This cause originated in the district court of Gage county on the 2d day of January, 1893, to recover possession of a strip of land in the southwest quarter of section 30, township 2 north, of range 7 east, 1.04 chains in width at the east end of said strip, 2.19 chains in width at the west end, and 160 rods long. From a verdict and judgment for plaintiff, defendant has brought the record to this court for review.

The plaintiff below, John L. Dawson, is the owner of the north half of said quarter section, and Lewis Fink is the owner of the south half of the same quarter section. The controversy is over the location of the original government corners, which mark the boundary line dividing the north and south halves of the southwest quarter of said section 30, and whether the defendant had held adverse possession of the strip in dispute continuously for ten years immediately prior to the bringing of this suit. The testimony adduced on the trial relating to the loca-

tion of the government monuments in question was, as is usual in cases of this character, exceedingly conflicting. The testimony of the defendant was to the effect that he had possession of, and cultivated, all the strip now in litigation since 1888, and at least one-half thereof since 1881.

Error is predicated upon the giving of the following instruction at the request of plaintiff below:

"The jury are instructed that the boundary lines of lands are determined from the location of the original stakes and corners by the government surveyors, and that these stakes and corners control the location, course, and distances of boundary lines, and that these lines are not subject to change or correction by subsequent surveys by county or private surveyors. And if you find that the government surveyor located the corners at the point contended for by plaintiff, you must find for the plaintiff."

By the foregoing the only issue presented to the jury for determination was the exact location, by the government surveyor, of the boundary line between the north and south half of the southwest quarter of said section 30. If they ascertained from the evidence that the original corners were located at the places claimed by the plaintiff, then, under the instruction, they were bound to return a verdict for him. The defense of adverse possession was entirely withdrawn from the consideration of the jury by the above paragraph of the charge, notwithstanding there was some evidence adduced from which the conclusion might have been drawn that the defendant had held at least a portion of the land adversely for the full statutory period. It is a well recognized rule that ordinarily a person who has been in the continuous, exclusive, adverse possession of real estate for ten years, thereby acquires a perfect title to the same, and the jury should have been so advised by the trial court, especially since the defendant requested an instruction upon that feature of the case.

It is argued by counsel for plaintiff below that this de-

fense of adverse possession was not available, because it was not specially pleaded in the answer.    This contention is not well founded.   The answer denied title and right of possession in plaintiff, which was sufficient, under section 627 of the Code of Civil Procedure, to entitle the defendant to interpose the defense of adverse possession.   (*Staley v. Housel*, 35 Neb., 160;  *Wanser v. Lucas*, 44 Neb., 759.)   For the error indicated the judgment is