La Bonty v. Lundgren.

---

## DANIEL F. LA BONTY v. CARL P. LUNDGREN.

### FILED JUNE 8, 1899. No. 8881.

1. **Ejectment: IMPROVEMENTS: OCCUPYING CLAIMANTS' ACT.** A defendant in ejectment cannot avail himself of the provisions of the occupying claimants' act (Compiled Statutes, ch. 63), where all his interests in the improvements have been divested by judicial sale prior to the request for a jury to assess the value of the improvements.

2. ———: **RENTS AND PROFITS.** In proceedings under the occupying claimants' act the successful claimant may recover rents and profits subsequent to the commencement of ejectment suit, but not those which accrued prior to that time.

ERROR from the district court of Cuming county. Tried below before NORRIS, J. *Reversed.*

*Griggs, Rinaker & Bibb, J. C. Crawford,* and *J. A. Smith,* for plaintiff in error.

*T. M. Franse, Munger & Courtright,* and *E. F. Gray, contra.*

NORVAL, J.

This was ejectment brought by Daniel F. La Bonty to recover certain lands in Cuming county, and for rents and profits thereof. A trial in the district court terminated in favor of the defendant, and plaintiff brought the record to this court for review, where a judgment of reversal was entered at the January term, 1891. (31 Neb. 419.) Upon a retrial in the court below defendant again prevailed, and the plaintiff prosecuted an error proceeding,

which resulted in the reversal of the judgment. (41 Neb. 312.) The cause was subsequently tried again in the district court, and on January 12, 1895, a judgment in favor of plaintiff was entered for the possession of the real estate in controversy, which judgment also provided "that this cause be continued for the purpose of ascertaining and adjudging the amount of damages to which plaintiff is entitled, and also the value of valuable and lasting improvements made on said land by the defendant." On June 10, 1895, defendant applied for the appointment of appraisers under the occupying claimants' act, which request was granted and appraisers were selected over the objections and exceptions of plaintiff. Afterwards the latter asked the court below to ascertain itself, or appoint a referee, or call a jury to ascertain the value of the rents and profits during the four years the lands were in the possession of the defendant immediately prior to the institution of the action, which request was overruled and plaintiff excepted. The appraisers reported to the court below, assessing the value of the lasting and valuable improvements upon the land made by the defendant previous to his receiving actual notice of the claim of title by plaintiff at $3,255, and finding the rents and profits received by him after service of summons at $2,391, and assessing the value of the land at the time defendant went into possession thereof at the sum of $850. To the report of the appraisers plaintiff filed objections, which were overruled. Subsequently, one W. H. Atwood was permitted to intervene, setting up in his petition, *inter alia*, that he had purchased all the interest of the defendant in the premises and is the owner thereof, and praying that he be awarded the value of the improvements made by the defendant and the amount of the taxes paid by the latter, with interest. Plaintiff presented to the court below an application, or motion, for judgment for $1,200 for rents and profits which accrued prior to the commencement of the action, which was denied, and thereupon, on June 22, 1895, judg-

ment was rendered against the plaintiff and in favor of defendant for the sum of $1,439.16, the same being a sum equal to the amount found to have been paid by him for taxes on the lands and to redeem the same from tax sale with interest thereon, and also for the value of the improvements in excess of the amount of rents and profits received by defendant after the service of summons in the case. Plaintiff has prosecuted error.

The judgment in favor of defendant in the sum of $1,439.16 was entirely erroneous and must be set aside, since the record before us shows that whatever title or interest Lundgren ever had in the land had been divested and transferred to the intervener Atwood long prior to the entry of said judgment, by virtue of a judicial sale of the property and deed issued in pursuance thereof. Lundgren, when the value of the improvements was assessed, had no claim of title to the real estate, was not in possession of the premises, and could not avail himself of the benefits of the occupying claimants' act. The right to recover for these improvements had passed to the intervener.

The court did not err in denying the application of plaintiff to ascertain the value of the rents and profits for the four years preceding the bringing of the suit, for the reason that the application was not seasonably made. Plaintiff should have proven his damages on the trial which terminated in the rendition of the ejectment judgment. The clause attached to the judgment quoted above is not broad enough to permit the recovery of rents and profits which accrued prior to the issuance and service of summons, but as we construe the provision, the cause was merely continued for the purpose of proceeding under the act for the relief of occupying claimants, under which proceeding plaintiff was entitled to have considered the value of rents and profits subsequent to the service of summons, and not prior to that time. The judgment of June 22, 1895, is

REVERSED.