ISAAC N. MORELAND ET AL., APPELLEES, V. WILLIAM BERGER ET AL., APPELLANTS.

FILED MAY 17, 1913. No. 17,172.

Quieting Title: OCCUPYING CLAIMANT. In a suit by the owners of the fee to quiet their title to land, a defendant who transferred all his interests in both the land and the improvements and surrendered possession to his grantee before the action was commenced is not entitled to relief under the occupying claimants' act.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. D. Rhea,* for appellants.

*E. A. Cook* and *Warrington & Stewart, contra.*

Rose, J.

Plaintiffs began this suit to quiet their title to a lot in Gothenburg. They acquired the fee by descent from their father, subject to the life estate of a widow, who died after having attempted to convey the entire estate to William Berger, relying on a void decree rendered by the county court under an unconstitutional act of the legislature. Berger improved the lot and sold it to William H. Bedell, who took possession and paid the entire purchase price of $650, except $52, which he offered to pay upon receiving a proper conveyance. Afterward Bedell sold the lot to Thomas Lemmon. Berger and wife, Bedell and wife, and Lemmon and wife are defendants. After the suit was instituted, and before the case was decided, Bedell bought the fee from plaintiffs and transferred it to Lemmon, his former grantee. Berger makes no claim to title, and it was properly quieted in Lemmon through Bedell. Berger, however, had made a demand under the occupying claimants' act for the value of his permanent improvements, and from an adverse judgment on this branch of the case he and his wife have appealed.

Is the judgment erroneous? Berger never owned the fee. If he owned the improvements or interests therein, he had transferred them to Bedell, and had received the agreed price of both the improvements and the lot, except $52, which had been tendered to him upon compliance with his contract. Long before this suit was commenced he had parted with his interests in the improvements and had surrendered possession to his grantee. Not being in possession of the lot, and not having any interest in the improvements, he is not entitled to relief under the occupying claimants' act. *La Bonty v. Lundgren,* 58 Neb. 648.

AFFIRMED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.