MARY K. ERICKSON, APPELLEE, v. AURELIA CROSBY ET AL., APPELLANTS.

FILED NOVEMBER 17, 1916. No. 19003.

Adverse Possession. Title may be acquired by adverse possession, though the claim of ownership was invalid and the occupant believed he was asserting legal rights only.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*A. H. Byrum* and *L. H. Blackledge,* for appellants.

*W. C. Dorsey, contra.*

ROSE, J.

This is an action to quiet in plaintiff title to the north half of the northwest quarter of section 25, township 3, range 13 west, in Franklin county. The title was in Ruth Fay Stull, who died September 28, 1898. She had devised the land to her mother. In 1894 the latter adopted plaintiff. The devisee died before testatrix. The will was probated, and it seems to have been assumed by those interested that plaintiff succeeded to the rights of the devisee. Rev. St. 1913, sec. 1314. Desiring to sell the land, plaintiff commenced this suit against David Stevens, a brother of testatrix. After the filing of the petition Stevens died, and his heirs were made defendants. From a decree quieting in plaintiff title acquired by adverse possession, defendants have appealed.

Defendants contend that plaintiff's possession was not adverse or hostile to Stevens. They argue that plaintiff claimed only under the will, a claim based upon a mistaken belief that the adopted child acquired the interest which would have vested in her foster-mother had the latter survived the testatrix. Plaintiff held possession, claiming under the will. *Pettit v. Black,* 13 Neb. 142. If her title was defective, she nevertheless held under a claim of title. *Lantry v. Wolff,* 49 Neb. 374. In the latter case it was said: "It is not essential that the claim of right or title to the land by the adverse occupant be a valid legal claim in order that the statute may run in his favor."

Assuming that plaintiff believed she was asserting legal rights only, and assuming that her claim of title was defective, her possession could nevertheless ripen into title by adverse possession. *Zweiner v. Vest,* 96 Neb. 399;

*Daily v. Boudreau,* 231 Ill. 228; *Cole v. Parker,* 70 Mo. 372.

In *Andrews v. Hastings,* 85 Neb. 548, it was said: "It is true, as argued by plaintiff, that we have consistently held, since *Horbach v. Miller,* 4 Neb. 31, that occupation of real estate will not ripen into title unless that possession is adverse to the true owner and with the intent and purpose of the occupant of asserting ownership to the land. See *Ryan v. City of Lincoln,* 85 Neb. 539. But possession may be adverse without any declaration of hostility to the true owner. *City of Florence v. White,* 50 Neb. 516. The occupant's intention at the time he took possession is not necessarily a controlling factor. It is sufficient if possession is taken and the premises held for ten years under a claim of right or of ownership. *Fitzgerald v. Brewster,* 31 Neb. 51."

It is further insisted that plaintiff never made an actual entry on the land. The evidence shows that the tenant of testatrix attorned to plaintiff and paid to her the rent. This fact and plaintiff's claim of ownership were known to Stevens. Under these circumstances the possession of the tenant was the possession of plaintiff.

Defendants contend that plaintiff did not by adverse possession acquire title to the entire tract, the evidence showing that the land was unfenced and without improvements, that only 60 acres were cultivated, and that the remainder was hay land. The entire tract was leased and used by the tenant of testatrix, and he attorned to plaintiff. Under these circumstances plaintiff acquired title to the entire tract.

The judgment of the district court is

AFFIRMED.

LETTON, SEDGWICK and HAMER, JJ., not sitting.