HENRY L. MCGOWAN, APPELLANT, V. GEORGE NEIMANN
ET AL., APPELLEES.

298 N. W. 411

FILED MAY 29, 1941.   No. 31066.

*Torgeson & Halcomb,* for appellant.

*John H. Kuns* and *R. P. Kepler, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and KROGER
and ELLIS, District Judges.

YEAGER, J.

This is an action to determine the correct location of a
disputed boundary line between real estate owned by Henry
L. McGowan, plaintiff and appellant, on the one hand, and
by George Neimann and Freida Neimann, his wife, and A. J.

Heinlein and Nellie Heinlein, his wife, defendants and appellees, on the other.

The plaintiff is the owner of land described in the deed of conveyance as the east one-half (1/2) of section eighteen (18), township seventeen (17) north, range fifty-one (51) west of sixth P. M., in Morrill county, Nebraska. The defendant George Neimann is the owner of the northwest quarter of the section, and the defendant A. J. Heinlein of the southwest quarter. The controversy is over the line running north and south across the section and separating the land of plaintiff from that of defendants.

Plaintiff contends that the true line is not one dividing the section equally in halves, the one contended for by defendants, but that the true line is one arrived at by a metes and bounds description, which description is set forth in the petition and which places it on a line almost parallel with the center line, but a sufficient distance farther west to give plaintiff 20½ acres off the west geographical half of the section to which the defendants claim ownership. Plaintiff claims this is the true line by reason of purchase after examination of boundaries in January, 1925, and peaceful possession for more than ten years before his possession was interfered with.

The petition contains the following allegations:

"That this action is instituted by the plaintiff in order to have the boundaries of the plaintiff's real estate which are in dispute permanently established by this court and that such action is of the same nature as that set forth in section 34-301 of the Compiled Statutes of the state of Nebraska for the year 1929."

"That the possession of the defendants, and each of them, of the plaintiff's land * * * is wrongful and has been taken by force opposed to the plaintiff's peaceful possession thereof for a period of more than ten years immediately preceding the taking of possession by the defendants, and each of them."

The prayer of the petition is in part as follows: "Therefore the plaintiff prays * * * that this court ascertain and

establish permanently that the boundaries of the plaintiff's real estate in section 18, township 17 north, range 51, west of the 6th P. M., in Morrill county, Nebraska, as being * * *." The remaining part of the pertinent portion of the prayer contains the metes and bounds description of the land in section 18 to which plaintiff claims title.

The defendants Heinlein filed answer admitting ownership of the southwest quarter of the section of land involved, but denied all of the other allegations of the petition. They also filed a cross-petition alleging substantially that the true line between their land and that of the plaintiff was a north and south line which divides the section into halves. They alleged that the boundary line was in dispute and that it was necessary to have the same established by the court. In the prayer these defendants asked that the court ascertain and establish the line between the real estate of the defendants and that of the plaintiff.

The defendants Neimann filed answer and cross-petition identical with that of the Heinleins except that they described their real estate as the northwest quarter. No reply was filed to the answers, but on the trial the case was considered as though a general denial had been filed to the answers and cross-petitions.

The case was tried to the court and the finding was generally against the plaintiff and in favor of defendants. The court further found that the action was brought under section 34-301, Comp. St. 1929, and that the pleadings did not raise the issues of recognition and acquiescence of boundaries or adverse possession. The court further found that the true boundary between the land of plaintiff and that of defendants was the one claimed by defendants. Decree was entered accordingly.

We may say here that if the trial court was correct in the finding that the pleadings did not raise the issues of recognition and acquiescence of boundaries or adverse possession and if, in fact, the case was not presented on the theory of adverse possession, and that the only question presented for determination by the pleadings and the theory

on which the case was tried was the geographical location of the dividing line between the eastern and western halves of the section, then the decree is the only proper one which could have been entered. There is no dispute either in the pleadings or evidence about this line being the geographical dividing line.

The plaintiff in his assignments of error urges that the pleadings presented the question of adverse possession, and that the case was presented in its entirety on the theory that title to the land in dispute was claimed by adverse possession.

The portion of the petition necessary to a determination of the question relative to the pleadings has already been set forth herein.

Plaintiff pleaded substantially a declaration of purchase in January, 1925; continuous ownership in fee simple to the line claimed by him as the true one from that date henceforth to the date of the commencement of the action; that he had the peaceful possession of the land for a period of more than ten years immediately preceding the time when his possession was interfered with; that he was entitled to have the boundary line established in accordance with his claim of ownership. He contends that this is sufficient as a pleading to support a claim, and to admit of proof of the essential elements of title to the real estate in question by adverse possession.

In *City of Florence v. White*, 50 Neb. 516, 70 N. W. 50, which was an action in ejectment, it appears from the opinion, although the petition is not quoted, that the plaintiff was permitted to prove title by adverse possession on an allegation alone that she had a legal and equitable estate and had been kept out of possession. Again, in *Fink v. Dawson*, 52 Neb. 647, 72 N. W. 1037, which was an action wherein the controversy was over the location of a boundary line, this court said: "It is argued by counsel for plaintiff below that this defense of adverse possession was not available, because it was not specially pleaded in the answer. This contention is not well founded. The answer denied

title and right of possession in plaintiff, which was suffi-
cient, under section 627 of the Code of Civil Procedure, to
entitle the defendant to interpose the defense of adverse
possession." In point are *Staley v. Housel*, 35 Neb. 160,
52 N. W. 888; *Wanser v. Lucas*, 44 Neb. 759, 62 N. W. 1108;
*Oldig v. Fisk*, 53 Neb. 156, 73 N. W. 661; *McAllister v. Bey-
mer*, 54 Neb. 247, 74 N. W. 586. Section 20-2124, Comp.
St. 1929, which is section 626 of the Code of Civil Procedure,
provides: "In an action for the recovery of real property, it
shall be sufficient, if the plaintiff state in his petition that
he has a legal estate therein, and is entitled to the possession
thereof, describing the same, and that the defendant un-
lawfully keeps him out of the possession. It shall not be
necessary to state how the plaintiff's estate or ownership
is derived." It then becomes clear that, in an action at law
in ejectment seeking the same relief as sought in this case,
plaintiff's petition would have been sufficient as a basis of
proof of title by adverse possession.

The question then arises, does section 34-301 contemplate
actions to determine and fix boundaries where title to land
is in dispute, or are actions thereunder limited to the fixa-
tion of boundaries with reference to corners or boundaries
at one time known but lost, and without regard to owner-
ship of land affected at the time of the action? In other
words, does the statute contemplate alone actions to redefine
geographical lines and corners and earlier surveys?

The purpose of this statute has never been interpreted
except to the extent that it is defined in the statute itself.
The portion of the statute applicable here is: "When one or
more owners of land, the corners and boundaries of which
are lost, destroyed or in dispute, desire to have the same
established, they may bring an action in the district court
of the county where such lost, destroyed or disputed corners
or boundaries, or part thereof, are situated, against the
owners of the other tracts which will be affected by the
determination or establishment thereof, to have such corners
or boundaries ascertained and permanently established. * * *
The action shall be a special one, and the only necessary

pleading therein shall be the petition of plaintiff describing the land involved, and, so far as may be, the interest of the respective parties, and asking that certain corners and boundaries therein described, as accurately as may be, shall be established, and either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years * * *."

The legislature, in passing this statute, must have had in mind the well-recognized proposition, which requires no citations of authority for its support, that no remedy is available to a person who has not a right. Hence, it must have had in mind an action, the purpose of which was to protect or establish a right. The only substantial right it could have had in mind was the protection or establishment of title and possession to real estate described in the pleadings by a determination of its boundaries, with the determination of the right to title and possession as the primary purpose and the fixing of boundaries incidental thereto. The language of the statute appears to point directly to this conclusion. It sets forth that either party may put in issue the fact that alleged boundaries have been acquiesced in and recognized for a period of ten consecutive years. This language would be meaningless if it had reference alone to geographical lines and corners having no relation to title and possession of real estate. Also, the term "ten consecutive years" has a peculiar significance in the real estate law of this state. It is the minimum period necessary to proof of acquisition of title to real estate by adverse possession or of acquiescence in peaceable possession.

We hold that section 34-301, Comp. St. 1929, is broad enough to, and does, authorize action in equity to determine boundaries of real estate, the ownership of which is in whole or in part in dispute.

We hold further that this section makes available a right of action to determine corners and boundaries to real estate to which the right of title or possession is in dispute, without

regard to the question of whether or not the remedy at law in ejectment may at the time be available.

In this view it follows that the trial court was in error in finding that the pleadings did not raise the issues of recognition and acquiescence of boundaries or adverse possession.

For the reasons herein set forth, the decree of the district court is reversed and cause remanded for a new trial on the issues presented by the pleadings.

REVERSED.