EDWIN H. HAMMOND, APPELLEE, V. JEREMIAH HARRINGTON
ET AL., APPELLEES, IMPLEADED WITH WILLIAM NIKLAUS
ET AL., APPELLANTS.
33 N. W. 2d 293
Filed July 7, 1948. No. 32343.

*T. R. P. Stocker, William Niklaus,* pro se, and *Bartlett E. Boyles,* for appellants.

*Ginsburg & Ginsburg,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

(1)

CARTER, J.

The plaintiff brought this suit to quiet the title to certain lands in Lancaster County. From a decree quieting the title in plaintiff an appeal has been taken to this court.

The record shows that the plaintiff acquired title to the real estate herein involved by warranty deed from The Lincoln Joint Stock Land Bank of Lincoln, Nebraska, on August 22, 1945. It is further shown that the land bank acquired title to the property by sheriff's deed from the sheriff of Lancaster County, Nebraska, under date of September 1, 1942, as a result of a foreclosure suit in the district court for Lancaster County in which The Lincoln Joint Stock Land Bank was plaintiff and Lafayette P. Barnes and others, including Gertrude D. Reed, William Niklaus and Mary V. Niklaus, were defendants. Thereafter, in reliance upon the record of the foreclosure proceeding, plaintiff purchased said premises, paying full value therefor. On or about August 30, 1945, the defendant William Niklaus caused a notice of lis pendens to be filed with the register of deeds, giving notice that he claimed to be the owner of the real estate and thereby clouding plaintiff's title.

The defendants Niklaus filed an answer in which they alleged that one Erickson obtained title to said property by warranty deed and entered into possession of said real estate on or about October 1, 1928. Defendant Niklaus, after the decease of Erickson, obtained a deed to the property from his heirs and alleges that Erickson, the heirs of Erickson, and himself were in continuous, open, notorious, hostile, adverse possession of the property for more than ten years following October 1, 1928. Defendant Niklaus alleged that the note and mortgage foreclosed in the proceeding, through which plaintiff claims title, were not executed and delivered by persons having any interest in the lands because of the title procured by the defendant Niklaus by adverse possession. Defendant Niklaus further contends that if his claim of

title is not sustained he is entitled to recover $25,000 for improvements placed upon said land under the Occupying Claimants Act, section 76-301, R. S. 1943.

The defendant Reed claims an interest in the lands by virtue of a number of judgments procured against one Theodore F. Barnes, alleged to be a former owner of the property. It is her contention that her interest is superior to that of the plaintiff to the extent of the amounts due on the judgments.

The plaintiff asserts that the defendants are estopped to assert the defenses set forth and that the issues raised have been previously litigated by the parties, making the defense of res adjudicata operative as to them.

The evidence shows that the three answering defendants were parties defendant in the case of The Lincoln Joint Stock Land Bank v. Lafayette P. Barnes et al., the foreclosure suit upon which plaintiff relies to sustain his title. It is not questioned that the foreclosure suit involved the same real estate which is the subject of the present action. The defendants William Niklaus, Mary V. Niklaus, and Gertrude D. Reed filed answers in the foreclosure suit. In that case the court held that the deed to H. E. Erickson was void and that the lien of The Lincoln Joint Stock Land Bank was superior to the interests of the defendants Niklaus. It was further held that Niklaus was not an innocent purchaser for value. These holdings were affirmed by this court. Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545. The record further shows that on March 1, 1944, the defendant William Niklaus commenced an action in the district court for Lancaster County against The Lincoln Joint Stock Land Bank, alleging that he was the owner and entitled to the immediate possession of the real estate here involved, and demanding that the land bank be ejected therefrom. This case was tried and judgment entered for the land bank on all the issues presented. No appeal was taken from the judgment entered and it has become final. The foregoing

judgments finally determine that the defendants Niklaus are not the owners of the property or entitled to the possession thereof. They determine, also, that the defendants Niklaus obtained no title by adverse possession. These judgments are a bar to a further litigation of the issues tried in those cases and constitute an absolute defense to similar issues submitted in the present case. See Munger v. Beard & Bro., 87 Neb. 527, 127 N. W. 872.

The defendant Niklaus further contends that he has made lasting and valuable improvements on said lands which enhanced their value to the extent of $25,000. In the event his title is not sustained, defendant Niklaus claims the benefit of the Occupying Claimants Act, section 76-301, R. S. 1943. The improvements made were generally set forth in the previous suits, but no claim under the Occupying Claimants Act was specifically made. We think Niklaus was required to set up all the claims he had relative to the making of improvements in the cases previously tried. He is not entitled to try his case piecemeal. A judgment on the merits is a bar to subsequent action founded on the same claim, concluding the parties and those in privity with them as to every matter offered and received to sustain or defeat the claim and any other matter which might have been presented for that purpose. Triska v. Miller, 86 Neb. 503, 125 N. W. 1070.

But in any event, the defendant Niklaus is not entitled to the benefit of the Occupying Claimants Act in the present case. He was adjudicated not to be the owner, and was divested of his possession before any benefits under the Occupying Claimants Act were demanded by him. In La Bonty v. Lundgren, 58 Neb. 648, 79 N. W. 551, we said: "The judgment in favor of defendant in the sum of $1,439.16 was entirely erroneous and must be set aside, since the record before us shows that whatever title or interest Lundgren ever had in the land had been divested and transferred to the inter-

vener Atwood long prior to the entry of said judgment, by virtue of a judicial sale of the property and deed issued in pursuance thereof. Lundgren, when the value of the improvements was assessed, had no claim of title to the real estate, was not in possession of the premises, and could not avail himself of the benefits of the occupying claimants' act." See, Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575; Moreland v. Berger, 93 Neb. 724, 141 N. W. 831.

In addition to the foregoing, the record demonstrates that Niklaus placed the improvements on the land with full knowledge of the existence of the mortgage. Most of the improvements for which reimbursement is sought were made after the Erickson deed through which he claimed title had been judicially determined to be void. We cannot say that the necessary good faith was present to bring him within the act. Ohme v. Thomas, 134 Neb. 727, 279 N. W. 480.

The defense advanced by the defendant Reed is likewise barred because it had been previously litigated. In the foreclosure action designated as The Lincoln Joint Stock Land Bank v. Barnes, hereinbefore referred to, the defendant Reed was made a party. The judgments against Theodore F. Barnes which she now attempts to assert as liens on the property were in existence when the foreclosure proceeding was brought. If they were valid judgment liens she was obliged to assert them at that time. The foreclosure action is clearly res adjudicata of any claim of interest by the defendant Reed in the lands described in that action which are identical with the lands involved in this suit. It might be pointed out also that in the case of Reed v. Barnes, 113 Neb. 414, 203 N. W. 567, it was determined that Lafayette P. Barnes and not Theodore F. Barnes was the real owner of the property here involved and that judgments against the latter were not liens against the land. Defendant Reed is bound by this holding. In any event, defendant Reed did not question the validity of the mortgage in

Reed v. Barnes, *supra,* and consequently she is in no position to deny that the lien of the mortgage is superior to any interest she may have. Plaintiff's title is derived from a valid sale of the premises under the foreclosure decree, a decree and sale which she is in no position to question. The contentions of the defendant Reed are without merit.

The defendant Niklaus contends that plaintiff, in offering the evidence adduced in previous trials without reservation or limitation, opened up for relitigation all the issues therein contained. This contention is without merit. It will be noted that plaintiff pleaded the previous judgments as a bar to the claims of the defendants Niklaus set forth in their answer. In determining whether a judgment is a bar to a pleaded issue for the reason that it had been previously litigated, it is proper to examine the record, including the evidence adduced at the hearing of the former action, to determine that question. The record and evidence offered by the plaintiff were in support of this issue. The court will so assume and will not place a strained interpretation upon the offer made which is inconsistent with the pleadings. We hold that the offer of the records of the previous cases under the circumstances here shown did not have the effect of opening up old issues which had been previously litigated. The purpose of the offer was clearly just the opposite.

We find no merit in the claims of these defendants. The plaintiff was entitled to have his title quieted in the manner in which it was ordered by the district court. The judgment is affirmed.

AFFIRMED.