IN RE ESTATE OF REBECCA JO CARLSON, A MINOR CHILD.
REBECCA JO CARLSON, A MINOR, BY AND THROUGH HER
GUARDIAN AD LITEM, JOHN THOMAS, APPELLANT, V.
LARRY CARLSON AND PHYLLIS M. BECK, CONSERVATOR,
APPELLEES.

334 N.W.2d 437

Filed May 27, 1983. No. 82-311.

454

John Thomas of Thomas and Peebles, guardian ad litem, for appellant.

Mark Behm, for appellee Larry Carlson.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This is an appeal by the guardian ad litem of a minor child, Rebecca Jo Carlson. The guardian seeks reversal of an order authorizing the conservator of said minor to sell the child's real estate. We reverse.

The essential facts underlying the proceedings involved are not in dispute. Rebecca Jo Carlson is the only child of Larry Carlson and Sandra Carlson. Rebecca was born on October 26, 1971. On September 28, 1976, Mr. Carlson purchased two and one-half unimproved residential lots in Wausa, Nebraska, at a tax foreclosure sale. He gave the lots to Rebecca as a gift, although he also claims to have thought the title would be in his name as well as in Rebecca's. The Carlsons' marriage was dissolved on April 19, 1977, and custody of Rebecca was given to Mrs. Carlson, who then moved to South Dakota with the child; Mr. Carlson has been meeting his child support obli-

gation faithfully. At approximately the same time as Mr. Carlson began to construct a house on the land in 1978, he made inquiry as to why he had not been receiving tax statements. He then discovered that the taxes were delinquent and that the fee simple title to the realty was solely in Rebecca's name. At that time he had completed a relatively small part of the construction; possibly no more than the concrete footings had been poured. However, he continued to construct a log-cabin type home by, for the most part, his own labor and using precut materials.

On March 30, 1981, Mr. Carlson filed a petition in the county court of Knox County seeking the appointment of a conservator for his daughter. The petition alleged that Rebecca owned the land in question, having acquired it by gift from Mr. Carlson; that he had constructed a house on the property at his own expense; that he had been unaware of his daughter's ownership; suggested the appointment of a particular conservator; and prayed that the conservator be authorized to convey the land to Mr. Carlson. The conservator designated by Mr. Carlson was in fact appointed. She, incredibly enough, merely adopted Mr. Carlson's stance. She caused an appraisal to be made of the value of the lots and filed an application for an order authorizing her to convey the land to Mr. Carlson for its current market value as unimproved land. Following the appointment of Mr. John Thomas of the Nebraska bar as guardian ad litem for Rebecca, a hearing was had which resulted in an order authorizing the sale of the land to Mr. Carlson and investment of the proceeds therefrom. The guardian ad litem appealed to the Nebraska Ninth Judicial District Court, Knox County. That court affirmed the order of the Knox County Court.

In this appeal the guardian ad litem assigns as error both the appointment of a conservator and the order granting authority to convey to Mr. Carlson his daughter's land.

We find the guardian ad litem's first assignment of error to be without merit. Neb. Rev. Stat. § 30-2630 (Reissue 1979) grants the county court power to appoint a conservator if a minor owns property which requires management or protection. The evidence establishes that Rebecca owns property. The evidence that taxes had gone unpaid for some period of time and that someone other than she constructed an improvement on the land clearly establishes that the property is in need of management. Whether the proper conservator has been appointed to so manage it is another question.

The remaining assignment of error, however, is a different matter. In *Williams v. Beckmark*, 146 Neb. 814, 21 N.W.2d 745 (1946); 150 Neb. 100, 33 N.W.2d 352 (1948), we held that the occupants and claimants act, Neb. Rev. Stat. §§ 76-301 et seq. (Reissue 1981), did not apply in the absence of a valid contract to convey. We stated it to be the general rule that in the absence of a statute any permanent improvement placed upon the land of another, by one having no interest or title therein, without the owner's consent, prima facie becomes a part of the realty and belongs to the owner of the fee, although it was placed thereon by mistake or with a view of enforcing an adverse right in land, unless there is an express agreement which takes the case out of the rule, or unless the owner is estopped to claim such ownership. See, also, *Carter v. Brown*, 35 Neb. 670, 53 N.W. 580 (1892), denying reimbursement to one paying taxes and making improvements on land he occupied pursuant to void tax deeds. In *Ohme v. Thomas*, 134 Neb. 727, 279 N.W. 480 (1938), we found the necessary element of good faith lacking and thus denied recovery for expenditures in the construction of a well on a disputed strip of land done when the owner was away and could not protect her rights. Likewise, in *Hammond v. Harrington*, 150 Neb. 1, 33 N.W.2d 293 (1948), we held that good faith was lack-

ing where improvements were made under a deed which had previously been declared void.

In the instant matter, on the one hand Mr. Carlson testified that he had made a gift of the land to his daughter; on the other hand he testified it was his understanding that he too had an interest in the title. Even giving him the benefit of that claimed confusion, there is no question but that he learned at a time when he had very little construction completed that the fee simple title rested solely in his daughter. It can in no sense be said that the structure in question was completed in good faith reliance upon any mistaken notion as to the true ownership of the land. The daughter was incapable of giving consent, no proceedings were instituted in a effort to obtain such consent, and there is nothing which estops those protecting Rebecca's interests from claiming ownership on her behalf.

In reaching their decisions the courts below apparently relied upon Neb. Rev. Stat. § 30-2637(2) (Reissue 1979), which provides: "After hearing and upon determining that a basis for an appointment or other protective order exists with respect to a minor without other disability, the court has all those powers over the estate and affairs of the minor which are or might be necessary for the best interests of the minor, his family and members of his household." That statute does not, however, permit the adjudication of "best interests" on the basis of an undefined subjective, metaphysical, or intuitive approach to what is fair and equitable without reference to existing rules of law. The fear that the relationship between father and daughter might become strained should the law insist upon protecting the child's property rights until she is no longer under the disability of infancy does not justify depriving her of those rights which the law would accord an adult who chooses to insist upon them. Although arising in a different context, the principle involved is not unlike that presented in the recent

case of *Williams v. Nebraska Wesleyan Univ., ante* p. 92, 332 N.W.2d 694 (1983), whereinwe refused the life tenant father a partitioning of real estate against his remaindermen children.

Mr. Thomas agreed to serve as guardian ad litem without compensation. That act and Mr. Thomas' excellent legal performance in this matter reflect great credit upon himself and the practicing bar and is in keeping with the high traditions of the legal profession. We commend him.

The order of the District Court is reversed with directions that the order of the county court authorizing conveyance of the land to Mr. Carlson be vacated and set aside.

REVERSED AND REMANDED WITH DIRECTIONS.