FRANK TRISKA ET AL., APPELLANTS, V. THEODORE H.
MILLER ET AL., APPELLEES.

FILED APRIL 9, 1910.   No. 15,814.

1. Judgment: RES JUDICATA. A judgment on the merits constitutes
   an absolute bar to a subsequent action founded upon the same
   claim or demand, concluding parties and those in privity with
   them, not only as to every matter which was offered and re-
   ceived to sustain or defeat the claim or demand, but also as to
   any other admissible matter which might have been offered for
   that purpose. *Slater v. Skirving*, 51 Neb. 108.

2. ————: ————. A fact or right in issue determined specifically or
   generally by the decree of the court cannot be again litigated
   by the parties to that suit, over the winning party's objections,
   without a modification or vacation of that decree.

APPEAL from the district court for Saline county: LES-
LIE G. HURD, JUDGE. *Affirmed.*

*Bartos & Bartos,* for appellants.

*Ralph D. Brown, Glenn N. Venrick, Hastings & Ireland*
and *J. H. Grimm & Son, contra.*

ROOT, J.

This is an action in equity to cancel certain convey-
ances, judgments and proceedings, for an accounting,
and to quiet in the plaintiffs title to a tract of land. The
defendants prevailed, and the plaintiffs appeal.

The plaintiffs are husband and wife and natives of Bo-
hemia. January 21, 1897, the plaintiff Frank Triska
owned the land in controversy, and it was encumbered by
six mortgages given to secure his debts aggregating about
$8,000. The defendant Miller at that time was a second
mortgagee. Triska's creditors were pressing him for pay-
ment, and on the day last named he conveyed all of said
real estate to Mr. Archibald S. Sands, an attorney at law
and son of Robert Sands, a mortgagee. At the same time
Triska gave Sands a mortgage upon certain chattels.

Sands, in consideration of said deed and mortgage, gave Triska credit for $80 on the note payable to Robert Sands, and February 1 executed a lease to Triska for 80 acres of said land for one year. January 29, 1897, Sands conveyed 160 acres of said land to Mrs. Porter, his stenographer, and the succeeding day she and her husband conveyed the real estate to Frank J. Hayek. The same day Sands conveyed the remaining 80 acres to Hayek. February 1, 1897, the defendant Miller commenced an action in the district court to foreclose his mortgage. He did not make the senior mortgagees parties, but did implead, and caused process to be served upon, the Triskas and the junior lienors, including the Blue Valley Bank. The Triskas made default, but the junior mortgagees filed separate answers and cross-petitions. May 11, 1897, the district court entered a decree finding the amount due from the Triskas to the mortgagees, and foreclosed their mortgages. The land was sold in the spring of 1898 at sheriff's sale, and was purchased by Miller, subject to the first mortgages, for a little less than the amount of his lien and the costs of the foreclosure. Counsel, in the name of Triska, objected to confirmation, and thereafter appealed to this court from an adverse ruling on said objections. Triska testifies that he did not authorize the attorneys to represent him, but he executed and filed a bond to supersede the order of confirmation pending his appeal to this court. The appeal was dismissed in 1902. In the meantime the plaintiffs occupied the 80 acres leased to Frank Triska by Sands. Sands and Miller testify that Triska leased the 80 acres from Miller for 1898, and the proof is unquestioned that subsequently, until this case was tried, Frank Triska, Jr., leased the land from Miller, but his father and mother, the plaintiffs herein, have at all times occupied said 80 acres, which constituted the family homestead. The plaintiff Frank Triska denies ever signing a lease for any of the farm or renting any part thereof from Mr. Miller.

July 15, 1898, Hayek conveyed said land to the defend-

ant Miller, and on August 5, 1898, Archibald S. Sands, also conveyed said real estate to Miller. The expressed consideration in the deed made by Sands to. Mrs Porter is $5,000. The proof indicates the consideration was a credit for an undisclosed amount on an account between Sands and Mrs. Porter's husband. The consideration in the deeds to and from Hayek and from Sands was nominal.

April 24, 1900, for a sufficient and valuable consideration, the defendant Miller conveyed 80 acres of said land to the defendant Wynand, and another 80-acre tract to the defendant Kaura. June 2, 1900, the plaintiffs herein commenced an action in equity in the district court against Miller, Archibald S. Sands, Joseph Kaura and John Wynand, and their respective spouses, all of whom are defendants herein. In that suit the Triskas allege that Miller and Sands conspired to secure title to said land by fraud; that, in pursuance of said conspiracy, Sands for himself and for Miller agreed with the Triskas that, if they would convey said land to Sands, he would hold it for their benefit, apply the profits derived therefrom upon the liens, secure extensions of the mortgages as they became due, and at the end of five years, if not sooner, reconvey said real estate to the Triskas; that Sands agreed to reduce his contract to writing if they would sign a deed; that Sands induced them not to defend the Miller foreclosure by stating that he would protect their interest therein; that they signed all documents presented to them by Sands, but without any knowledge of the contents of such papers, and in all things they relied upon Sands. They further charged that Sands failed to carry out his contract, but conveyed the land without consideration, and that all persons dealing with said title had knowledge and notice of their interest therein. They prayed for an accounting, for a cancelation of the various conveyances affecting their title to said land, and for equitable relief. The defendant Miller answered the petition, denied all allegations of fraud, and pleaded the foreclosure proceed-

ings in bar. The Triskas by way of replication denied the authority of any attorney to represent them in the foreclosure suit, and charged that whatever documents were signed by them in that suit were executed upon the false and fraudulent representations of Miller and his counsel that thereby the Triskas would be protected against the machinations of Sands.

December 15, 1900, the district court, upon the evidence, found generally in favor of the defendants and dismissed the plaintiffs' petition. An appeal was prosecuted to this court, and the decree of the district court affirmed October 9, 1902. *Triska v. Miller*, 3 Neb. (Unof.) 463.

February 17, 1906, Theodore H. Miller, one of the defendants herein, prosecuted an action in ejectment in the district court against the plaintiffs herein and their son to recover possession of the 80 acres of said land to which Miller retained title. In that suit the Triskas pleaded that the foreclosure proceedings were null and void, because the district judge before whom said cause was tried was a stockholder in and a director of the Blue Valley Bank, and therefore disqualified from making any orders in said action. Miller replied that said judge, although a stockholder in and a director of the said bank, was not interested in the event of said suit, and also pleaded in bar the decree in the suit in equity theretofore prosecuted by the Triskas. Some other facts were pleaded by way of estoppel. March 24, 1906, the district court found in Miller's favor, and awarded him a writ of ouster. The Triskas thereupon appealed to this court, and at the January term, 1907, the judgment of the district court was affirmed, without an examination of the merits, because the appellants had failed to brief their case.

In the instant case the proceedings and judgments in the foreclosure suit, in the action in equity and in the ejectment action, are pleaded in bar to the plaintiffs' petition. The court heard evidence upon the merits, as well as upon the pleas in bar. The finding is general in favor of the defendants, so that the record does not disclose

whether the decree is based upon the merits or upon the judgments referred to, but if the evidence sustains any defense pleaded the decree should be affirmed.

The plaintiffs assert that the aforementioned judgments will not defeat the instant suit because the disqualification of the district judge was not in issue or determined in any of said actions, whereas "in the present suit the disqualification of the trial judge is the chief ground on which relief is asked." Counsel present an exhaustive and well-reasoned brief upon the subject of the alleged disqualification of the district judge, but we do not think it is necessary to determine that point. Before the action to foreclose the mortgages was commenced the plaintiffs had conveyed their equity of redemption in the land in controversy to Sands. That title is now vested in Miller and his grantees. Conceding, for the sake of the argument, that every order made in the foreclosure proceedings was absolutely void, and we do not so decide, still, if the conveyance to Sands is valid, the judgment appealed from must be affirmed.

Counsel assail with great vigor the transaction culminating in said conveyance and the subsequent conveyances whereby Miller received the Sands title. We shall not follow that argument because it comes too late. The judgment entered December 15, 1900, in the suit of *Triska v. Miller,* has closed the door to inquiry into that subject. The substance of the issue litigated in that case was the alleged fraud of Miller and Sands and the validity of the title conveyed by the foreclosure proceedings. The plaintiffs' claim in the instant case is identical with that advanced by them in the former one, and the parties are the same. In the former suit the judgment was upon the merits, and it constitutes an absolute bar to this action. *Slater v. Skirving,* 51 Neb. 108; *Lowe v. Prospect Hill Cemetery Ass'n,* 75 Neb. 85; *Martin v. Roney,* 41 Ohio St. 141; *Cromwell v. County of Sac,* 94 U. S. 351. No one should be twice vexed for the same cause of action, and the principle of *res judicata* includes not only the things

determined in the former suit, but also any other matter properly involved, which might have been raised and determined therein. *Slater v. Skirving, supra; State v. Broatch*, 68 Neb. 687; *Stockton v. Ford*, 18 How. (U. S.) 418; *Rogers v. Higgins*, 57 Ill. 244; *Des Moines & Ft. D. R. Co. v. Bullard*, 89 Ia. 749; 2 Black, Judgments (2d ed.) sec. 731.

In reply to Miller's defense in the former suit that the foreclosure proceedings conveyed the Triskas' equity of redemption, they could have replied that said proceedings were void if such is the fact, and, having failed to do so, are now estopped to make that defense to avoid the force of that judgment. From whatever angle we view the judgment rendered in the former suit prosecuted by the Triskas, it must be held a bar to the present action. Whether the judgment is based upon a denial of the Triskas' contention that the deed to Sands was not absolute, but was obtained by fraud, or is supported by a finding that the Triskas' title was deraigned by the Miller foreclosure, the instant case must fail. The court must have decided one or both of those defenses because none other was presented in the answer.

The plaintiffs assert they did not know, until after the termination of their former action, that the judge presiding in the foreclosure proceedings was disqualified, but there is no proof before us of that fact, if it exists. That defense was known and pleaded in the ejectment suit, and determined in Miller's favor. Whether that decision is sound or otherwise, it adjudicates that claim of right adverse to the plaintiffs, and cannot be successfully controverted in this action. *Hanson v. Hanson*, 64 Neb. 506.

The judgment of the district court is right, and is

AFFIRMED.