MEYER BROTHERS DRUG COMPANY, APPELLEE, V. HIRSCH-ING-MORSE COMPANY, APPELLANT.

FILED SEPTEMBER 26, 1913. No. 17,290.

1. Pleading: STRIKING PART OF ANSWER. In a suit on a note, it is not prejudicial error to strike from the files all of the answer, except an admission of the execution, delivery and nonpayment of the note, where no defense or proper counterclaim or set-off is pleaded.

2. ———: JUDGMENT ON PLEADINGS. In a suit on a note, a motion in favor of plaintiff for judgment on the pleadings may be sustained, where the execution, delivery and nonpayment of the note are admitted in an answer pleading no defense or proper counterclaim or set-off.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*John S. Bishop, R. S. Mockett* and *A. S. Tibbets,* for appellant.

*S. L. Geisthardt, contra.*

ROSE, J.

The action was commenced before a justice of the peace to recover the amount due on a promissory note for $43.86, dated March 31, 1908, payable May 15, 1908, and bearing interest at the rate of 7 per cent. per annum. From a judgment in favor of plaintiff, defendant appealed to the district court. There plaintiff recovered a judgment on the pleadings for $31.30; being the amount of plaintiff's claim, less a former judgment in favor of plaintiff and against defendant for $22.50. Defendant has appealed.

There are three assignments: The trial court erred (1) in striking from the files the amended answer and cross-petition; (2) in sustaining the motion of plaintiff for judgment on the pleadings; (3) in rendering judgment against defendant without a trial, and while defendant had an answer and cross-petition on file.

1. The amended answer condemned by the trial court admitted all of the allegations of the petition, and under a ruling below this admission was permitted to remain in the pleadings. In allowing a credit for the amount of a former judgment, the trial court ruled in favor of defendant, who, in that respect, has no ground of complaint. A counterclaim for a tort, which was made the basis of a demand for $5,000, was properly stricken out as not being within the jurisdiction of the justice of the peace or litigable upon appeal. The record does not affirmatively show error in the holding that the answer as a whole contained no matter amounting to a defense or to a proper counterclaim or set-off.

2. The execution, delivery and nonpayment of the note being admitted in an answer containing no proper defense, there was no error in sustaining the motion for judgment on the pleadings.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.