STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. NEWMAN GROVE STATE BANK, E. H. LUIKART, RECEIVER, APPELLANT: FIRST NATIONAL BANK OF LEIGH, INTERVENER, APPELLEE.

FILED FEBRUARY 21, 1935. No. 29051.

*F. C. Radke, Barlow Nye, Moyer & Moyer* and *G. E. Price,* for appellant.

*Kelsey & Kelsey* and *Wagner, Wagner & Albert, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

HASTINGS, District Judge.

This is an action by the First National Bank of Leigh, Nebraska, hereafter referred to as the national bank, intervener and appellee, to recover from the receiver of the Newman Grove State Bank, hereafter referred to as the state bank, money alleged to be trust funds in the hands of that bank prior to insolvency.

On the trial the intervener was decreed to have a preferred claim in the sum of $9,032, and the receiver was ordered to pay said sum to the intervener from the assets of the state bank. The receiver appeals from said decree.

The state bank was placed in the hands of a receiver on August 16, 1929. Prior to that time the intervener had commenced an action in equity in the district court for Platte county against the state bank, then a going concern, Henry Knudson and George H. Gutru. On June 8, 1929, the intervener recovered judgment in that case against the state bank. The receiver prosecuted an appeal from that judgment to this court, which affirmed the judgment of the district court. *First Nat. Bank of Leigh v. Knudson,* 119 Neb. 887. The intervener's right to have his claim allowed as a preferred claim is based upon the judgment entered in the Platte county case and its affirmance by this court.

It is alleged in the petition of intervention that the court in the Platte county case found and determined that the money sought to be recovered in this action constituted a trust fund in the hands of the receiver. The controlling question in this case is whether that judgment adjudicated that the state bank had trust funds in its hands belonging to the intervener.

The record and evidence in the Platte county case are in evidence in this case. The plaintiff in that case alleged, in substance, that on October 2, 1928, one Henry Knudson fraudulently obtained a loan of $7,000 from the

national bank, and deposited the funds in his checking account in the state bank, and at that time he was owing to the state bank, on his past-due note given to it, a balance of $6,874.34, and that on October 11, 1928, said bank applied said deposit in payment of said note, without the consent of the national bank. It was alleged that the national bank on or about December 1, 1928, discovered the fraud, rescinded the loan, and tendered back the note given therefor. It was further alleged that by reason of the premises the state bank was the trustee of said fund, and prayed that it be decreed to hold said money in trust for plaintiff, and that plaintiff have and recover from the defendants Knudson and the state bank, jointly and severally, said $7,000, and have such other and further relief as equity might require. The defendant Knudson did not plead.

The state bank in its answer in that case, for want of knowledge, denied that Knudson had obtained the loan by fraud, and admitted taking the money from the checking account of Knudson and applying it to the payment of his obligation to it.

In the decree entered in the Platte county case, the court found in favor of the plaintiff, the national bank, and against the defendants Henry Knudson and the state bank, and that the allegations of plaintiff's amended petition were true; that plaintiff had a lawful right to and did rescind the contract with the defendant Knudson, set forth in the amended petition, and that the state bank, on October 11, 1928, received from the defendant Knudson $6,874.34, money of the plaintiff then held by him in trust for the plaintiff, and that the defendant bank at all times since then had held said sum in trust for the plaintiff; that there was due from the defendant bank the sum of $6,874.34, with interest at 7 per cent. from October 11, 1928, and from the defendant Henry Knudson the sum of $7,000, with interest at 7 per cent. from October 2, 1928, but that when the state bank should pay said sum it should be credited upon the judgment against the defendant

Knudson, entered herein, and said bank might then apply for judgment against him therein for the sum so paid by it, with interest.

On said findings it was adjudged and decreed that the plaintiff have and recover from the Newman Grove State Bank $7,179.10, and from the defendant Henry Knudson the sum of $7,376, and the costs of the suit; that the judgment against said defendant Knudson included the judgment against the state bank, and if he paid the judgment against him it would at the same time satisfy the judgment of the defendant bank, and if the defendant bank paid the judgment against it, such payment should be credited on the judgment against the defendant Knudson. In such event the defendant bank was to have the right to apply for judgment against Knudson for the sum so paid. The case was dismissed as to the defendant Gutru.

The receiver for his answer in this case alleged, in substance, that, at the time of the deposit of the $7,000, and its withdrawal by the state bank from the checking account of Knudson, Knudson was not indebted to it in any sum, but that he had given a note to one Gutru, which had been sold by Gutru to the First National Bank of Chicago, and that on the 2d day of October, 1928, and at all times thereafter said note was the property of the Chicago bank, and that said bank had transmitted said note to it for collection, and, in accordance with its instructions, the state bank collected said note, and that the state bank in so doing acted merely as the collecting agent for the owner of said note, the First National Bank of Chicago; that the state bank never at any time received any benefit as a result of said transaction; that said transaction out of which intervener's claim arose involved no trust relationship between said claimant and any person whatsoever, admitted the recovery of the judgment against the state bank, and the appeal to this court, but denied that any judgment was entered in said case declaring or impressing a trust upon the assets of said bank.

The reply of the national bank to said answer of the

receiver denied the allegations of the receiver's answer, other than admissions of matters in its petition of intervention, and alleged that the decree and judgment in the action in the district court for Platte county passed upon and determined the issues presented in this action, and that the receiver was estopped to allege, prove or claim anything contrary to the decree and judgment entered in said action.

It is the contention of the receiver that, although there was a finding in the judgment or decree entered in the Platte county case, the money obtained from the national bank and deposited by Knudson in the state bank was a trust fund which that bank held as trustee for the national bank, it was not so adjudicated in the decretal part thereof. It clearly appears from the record and evidence in the Platte county case, and the decision of this court in affirming the judgment, that said issue was necessarily involved in the determination of that action.

In *Wheeler v. Brady*, 126 Neb. 297, the court held: "Any right, fact or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." See, also, *School District D v. School District No. 80,* 112 Neb. 867; *Slater v. Skirving,* 51 Neb. 108; *Orcutt v. McGinley,* 96 Neb. 619; *Hanson v. Hanson,* 64 Neb. 506; *Lowe v. Prospect Hill Cemetery Ass'n,* 75 Neb. 85; *State v. Broatch,* 68 Neb. 687.

The liability of the state bank was dependent upon whether the money deposited therein by Knudson was a trust fund which it held as trustee for the national bank. Therefore the finding for the national bank upon that issue entered into and became a part of the judgment and conclusively adjudicated and settled that issue. That issue having been adjudicated and settled, the receiver

was barred and estopped thereby from relitigating it in this action. It is not material in this action that the judgment in the Platte county case did not, in express terms, impress a lien upon the assets of the state bank. The state bank having failed before the national bank realized upon its judgment, it was entitled in this action to have said judgment adjudged to be a preferred claim. Judgment is

AFFIRMED.