CECIL E. SHEPARD ET AL., APPELLANTS, V. CITY OF FRIEND,
APPELLEE.

5 N. W. (2d) 108

FILED JULY 24, 1942. No. 31385.

*Albert S. Johnston,* for appellants.

*Joseph Ach, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

YEAGER, J.

This is an action by Cecil E. Shepard, Cora M. Hall, H. F. M. Hall and Lulu Kreiling, plaintiffs and appellants, against the city of Friend, a municipal corporation, defendant and

appellee, whereby plaintiffs seek to recover damages from the defendant on account of claimed injury to the real estate belonging to the plaintiffs, and interference with the use of such real estate.

The determination of the case before this court is dependent solely and alone on whether or not the action here is barred by a previous adjudication; therefore, it becomes necessary to set forth the substance of a large part of the petition.

In the petition it is stated that the defendant is a city of the second class situated in Saline county, Nebraska; that the plaintiffs have for more than 15 years been the owners of the east one-half of the southwest quarter of section 24, and the northwest quarter of section 25, all in township 8, range 1 east of the 6th P. M., in Saline county, Nebraska, which lands comprise a single farm unit of 240 acres more or less; that this real estate is southeastward from the city of Friend, and that the described northwest quarter is traversed by a draw or slight depression, which draw extends onto the southwest quarter of section 25; that during 1925 the city of Friend put into operation a sewerage system by which sewage is collected from the city, and is conducted through tiles to a point on the highway about 40 rods north of the northwest quarter of section 25 above described, and from that point the sewage is allowed to flow on the surface into and through the draw on plaintiffs' lands; that the volume of sewage for a year or two was negligible, but that since the volume has increased from year to year until 1928 when the flow became continuous and has attained a flow of 40,000 gallons a day, all of which flows upon and across the lands of plaintiffs; that prior to the flow of sewage across the lands the draw carried no continuous stream, but only the natural surface run-off waters and that the draw was tilled and produced luxuriant crops and grasses for pasture; that since the sewage flow across the lands foul and nauseous odors and exhalations emanate and are carried over the land and permeate the atmosphere, thus rendering the land and the dwelling-house thereon of little value; that a wide

strip along the bottom of the draw has become water-soaked to the degree that it cannot be crossed in regular farming operations, and thus it has been rendered unfit for farming and greatly destroying the value of the adjacent land for farming; and other damage to the land and its use is alleged which we deem unnecessary to set out here. The prayer is for damages.

The defendant filed an answer in which it set forth in substance as a defense, among other defenses, that in an equity action filed in the district court for Saline county, Nebraska, in March, 1937, between the same parties, the same issues and subject-matter as are presented by the petition herein were adjudicated on the merits in favor of the defendant herein, which adjudication was affirmed by this court, and that such adjudication is binding on the plaintiffs; that in that action it was adjudicated that plaintiffs sustained no damage other than from odors, which condition was corrected by the defendant.

This issue of former adjudication or *res adjudicata* was, by stipulation of the parties, the only one presented to the district court and is the only one for consideration here.

For the purpose of presenting this issue the parties have incorporated into the bill of exceptions herein from the former action the pleadings, the judgment or decree, the pertinent orders, the bill of exceptions on appeal, the briefs of the parties and the opinion and mandate of this court. They have also stipulated that the plaintiffs here, together with Frank Olmsted and Bert Cain, were the plaintiffs in the former action.

Frank Olmsted was the tenant in possession and Bert Cain was the owner of real estate not involved in the action here.

It is clear that for the purposes of our consideration here the parties to the former action were the same as here and the same real estate was involved.

The former action was not an action for damages but was for an injunction on account of damages. The petition there set forth the construction of the sewerage system and the

collection and flow of sewage in substance the same as is set forth in the petition herein; also it contained substantially the same allegations as to injury and damage to land and buildings and their use; it concludes with the following paragraph: "That the plaintiffs have no adequate remedy at law, and unless the defendants are restrained from continuing to empty such sewage in the manner above described, said defendants will continue so to do, and unless said defendants are required by order of court to abate said nuisance the same will continue to the irreparable damage of the plaintiffs and the public in general."

The prayer was for injunction and for such other, further and different relief as to the court may seem just and equitable.

After conclusion of the trial, decree containing the following was entered:

"Now on this 20th day of July, 1937, the same being one of the days of the regular May 1937 term of said court, this cause having been taken under advisement until this date comes on for judgment of the court, and the court finds that no injunction should issue against the defendant, city of Friend, at this time, and the court further finds that noxious odors emanate from the low places on the plaintiffs' land and that the defendant, city of Friend, should be granted a period of ninety days to correct such odor by chemical treatment or other sufficient treatment as may be recommended by competent engineers and within the prescribed time upon correction of said odor on written motion said action will be dismissed. City of Friend et al., granted exception. And the court further finds that there are no other elements of damage; that the flow of water does not constitute damage to plaintiffs. Cora M. Hall et al., granted exception. The court further finds that the costs of said action be assessed to defendant, city of Friend.

"It is therefore ordered, adjudged and decreed by the court that no injunction issue against the defendant, city of Friend, and that the city of Friend be granted ninety days from date hereof to correct the noxious odors that emanate

from the low spots on the plaintiffs' land, and that upon correction thereof said action be dismissed upon motion; that there are no other elements of damage; that the costs of said action be assessed against the city of Friend."

From this decree the plaintiffs appealed and their first assignment of error, which was exhaustively argued in the brief, was the following:

"That the findings of the court that there were no elements of damage other than the odors is not supported by and is contrary to the evidence."

In the opinion of this court, which is reported as *Hall v. City of Friend,* 134 Neb. 652, 279 N. W. 346, the following is found:

"The plaintiffs appealed, and set out as the errors relied upon that the finding of the court that there were no elements of damage other than the odors is contrary to the evidence; that the judgment is contrary to law, as it affords no adequate or permanent relief, and does not require defendants to prevent the recurrence of the conditions resulting therefrom, and that the judgment permits the defendants to continue to damage and interfere with the use of plaintiffs' lands without compensation, and constitutes a taking or damaging of plaintiffs' property for the use of the defendants without compensation, and contrary to the Constitution of the United States and the Constitution of the state of Nebraska."

Further in the opinion the facts bearing on the question of damages are discussed at length.

Finally in the opinion it is stated:

"From an examination of the entire record, we find no prejudicial error, and the judgment of the trial court is affirmed."

A motion was duly made to dismiss the action in pursuance of the decree which was affirmed by this court.

This motion came on for hearing finally on May 1, 1939. At that time the plaintiffs moved the court as follows:

"Come now the plaintiffs and, pursuant to oral request made in open court subsequent to the departure of the court

reporter, hereby pray the court for orders in this matter as follows:

"1. In the event of a finding by the court that the defendants have corrected the noxious odors which were found by the previous order of the court to emanate from the effluent from the sewage disposal plant of the defendants, such correction having been made largely by the manner in which said plant is operated and the sewage treated, that the court by order require said defendants to continue to operate said sewage disposal plant in the manner found to have resulted in the correction, and not permit the same to be neglected and inefficiently or improperly operated as it had theretofore been.

"2. Plaintiffs further pray that in the event the court finds that the defendants have sufficiently corrected the operation of said sewage disposal plant so that no injunctive relief may be granted to the plaintiffs, that the plaintiffs be allowed to amend their pleadings to set forth their causes of action for damages sustained by reason of the burden cast upon their lands by the discharge of the effluent from the defendants' sewage disposal plant in such manner that the same is caused to continuously flow upon and across the lands of the plaintiffs where no continuous stream previously flowed, and that plaintiffs be permitted to introduce evidence in support of such causes of action for damages, and that judgment be rendered on the issues joined on such causes of action for damages."

The several motions were finally ruled upon on September 25, 1939, and that portion of the rulings having a bearing on the issue of *res adjudicata* in this case and the dismissal therein is as follows:

"With reference to the motion of defendants for dismissal of this action on the ground of compliance with the provisions of the decree of this court, dated July 20, 1937, and granting the defendants 90 days in which to correct noxious odors, the court finds from the evidence presented that the defendant has sufficiently complied with the provisions of said decree; that as a result of the action taken by the de-

fendant, the effluent from its disposal plant has been rendered unobjectionable so far as inherent odor therefrom is concerned; and that in consideration of said action on the part of the defendant, pursuant to the decree of the court, the defendant is entitled to an order of this court dismissing this action at the cost of the defendant, including all costs accrued herein subsequent to the decree. * * *

"With reference to the request of plaintiffs for leave to amend their pleadings to seek recovery of damages for flowage of effluent on their lands, the court finds that an issue of damages is properly within the scope of this action, but that the request of plaintiffs should be denied for the following reasons, to wit: This court in its decree dated July 20, 1937, expressly found that the flow of water emanating from defendants' plant across lands of plaintiffs did not constitute damage to the plaintiffs. Said decree was more than a judgment that no enjoinable nuisance existed. It was, in effect, a determination that the defendants had a legal right to flowage and that no liability for damage therefrom existed in favor of the plaintiffs. This decree disposed of the primary issue of any claim for damages, namely, liability for damages, and therefore made it wholly immaterial and unnecessary to go into the matter of the quantum of the alleged damages.

"Said decree was a final and appealable order from which an appeal was actually taken and said decree wholly affirmed.

"The negation of liability for damages set forth in said decree was specifically assigned as error on the appeal and said assignment was not sustained, but on the contrary said decree and the negation therein contained were affirmed. * * *

"It is further by the court considered and ordered that the request of the plaintiffs for leave to amend their pleadings to seek recovery of damages for flowage be and the same is hereby denied.

"It is further by the court considered and ordered that this action be dismissed, with prejudice, at the costs of de-

fendants, including all costs accrued herein to date.

"To all of which the plaintiffs except."

No appeal was taken from these rulings, the order denying leave to amend the petition as prayed or the order of dismissal.

From this sequence of events and the proceedings disclosed by the record here we are called upon to determine whether or not the action of plaintiffs has been previously adjudicated. The district court held that it was and entered judgment accordingly.

The defense of res adjudicata becomes available when a question of fact has been put directly in issue in an action between the same parties or their privies and an adjudication had thereon. Wilch v. Phelps, 16 Neb. 515, 20 N. W. 840; Morgan v. Mitchell, 52 Neb. 667, 72 N. W. 1055; Wittenberg v. Mollyneaux, 60 Neb. 583, 83 N. W. 842; State v. Savage, 64 Neb. 684, 702, 90 N. W. 898, 91 N. W. 557.

Under the doctrine of res adjudicata, when a question of fact is once determined on the merits, that question is settled, so far as the litigants and those in privity are concerned. Such question when decided cannot be relitigated between the same parties or their privies. State v. Savage, supra.

Examination discloses without question that in the case at bar the same facts are pleaded as ground for relief as were pleaded in the former action. The pleadings in the former action were supported by evidence. On the facts as pleaded and sought to be proved in the former action a finding was made adverse to the plaintiffs there who are the plaintiffs here. The plaintiffs there pleaded damage as the ground of relief in all respects the same as here. The only differences between the two actions is that in the former injunctive relief was sought by reason of damage, whereas in the latter recovery of a money judgment for damages was sought; the former was an action in equity and the latter in law.

In the former action there was a specific finding on the facts pleaded that there was no damage except on account of odors. The court allowed correction in this respect and

made confirmation of the fact that correction had been effected. The finding in respect to damage was affirmed by this court. So therefore the finding of fact with reference to damage in the former action became final and binding upon all of the parties thereto and their privies.

At the time this finding became final the action was still pending in the district court on the matter of dismissal in accordance with the terms of the original decree.

When it came on for dismissal the plaintiffs moved for leave to amend their petition in such manner as to allow them to recover a money judgment for the damage to the land. This motion was denied and the action dismissed on a specific finding that there had been a factual adjudication which was final that no damage had been proved. From this finding and judgment of dismissal no appeal was taken.

It, therefore, is apparent that in the former action there are two adjudications on the factual questions presented by the pleadings and proof in the former action that no damage other than on account of odors had been proved.

It then becomes necessary for us to sustain the judgment of the district court unless it may be said, as plaintiffs contend, that this case comes within the rule that, where a party mistakenly chooses a remedy that is not available to him, he is not under the doctrine of *res adjudicata* barred from availing himself of the proper remedy.

In support of their contention in this regard the plaintiffs cite, from this jurisdiction, the cases of *Grand View Bldg. Ass'n v. Northern Assurance Co.*, 73 Neb. 149, 102 N. W. 246, and *Henley v. Live Stock Nat. Bank*, 127 Neb. 857, 257 N. W. 244.

The case of *Grand View Bldg. Ass'n v. Northern Assurance Co., supra*, was a suit on a fire insurance policy. The policy contained a clause declaring that it should be void if concurrent insurance should be obtained without the consent of the company in writing indorsed thereon. There was concurrent insurance. A fire occurred and suit was instituted on the policy. The supreme court of the United States in *Northern Assurance Co. v. Grand View Bldg.*

*Ass'n,* 183 U. S. 308, 22 S. Ct. 133, held that there could be no recovery on the policy. Thereafter, the plaintiff instituted action for reformation to include the indorsement allowing concurrent insurance and for recovery on the policy as reformed. Reformation was allowed and recovery had on the policy as reformed.

The effect of the holding was that the doctrine of *res adjudicata* does not preclude a party from resorting to a remedy which he is entitled to by an attempt to avail himself of one to which he is not entitled.

In the case of *Henley v. Live Stock Nat. Bank, supra,* it was held that a party is not precluded from asserting a remedy to which he is entitled under the law because he has attempted to avail himself of one to which he is not entitled. See *Stone v. Snell,* 86 Neb. 581, 125 N. W. 1108.

These cases are in no wise in point here. On the facts pleaded in the former action the plaintiffs had available two remedies, namely, injunction and damages, provided, of course, that they sustained the allegations of fact. They sought only injunction. They failed to sustain their allegations of fact, hence, there having been no mistake of remedy, under the doctrine of *res adjudicata* they are estopped to assert the same facts in support of an additional and concurrent remedy which is dependent solely upon those facts.

The fact that the plaintiffs did not seek to recover damages in the former action is not a matter to be considered of consequence here. The rule is that a party should not be vexed more than once for the same cause of action, and the doctrine of *res adjudicata* includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein. *State v. Broatch,* 68 Neb. 687, 94 N. W. 1016; *Triska v. Miller,* 86 Neb. 503, 125 N. W. 1070; *State v. Newman Grove State Bank,* 128 Neb. 422, 259 N. W. 170; *Blum v. Truelsen,* 139 Neb. 282, 297 N. W. 136.

The fact that the former action was in equity and this one is in law can make no difference. In *Triska v. Miller, supra,* the court said: "In the instant case the proceedings and

judgments in the foreclosure suit, in the action in equity and in the ejectment action, are pleaded in bar to the plaintiffs' petition. The court heard evidence upon the merits, as well as upon the pleas in bar. The finding is general in favor of the defendants, so that the record does not disclose whether the decree is based upon the merits or upon the judgments referred to, but if the evidence sustains any defense pleaded the decree should be affirmed." In the light of the question before the court this language was tantamount to a holding that, if there was a finding of fact in either the foreclosure action, the equity action, or the action at law on the same issues of fact as were presented in the action then before the court, such finding would be *res adjudicata.* See, also, *Williamsburgh Savings Bank v. Town of Solon,* 136 N. Y. 465, 32 N. E. 1058.

The proposition that in an equity suit for injunction where the court finds that the facts presented do not constitute a ground of equity jurisdiction for the remedy sought and no equitable relief is granted, such an adjudication is not an adjudication of any issue except that of jurisdiction, has no application here.

The former case did not turn on a question of jurisdiction. The court entertained jurisdiction, and in one respect found in favor of the plaintiffs and as to all others found against the plaintiffs.

We conclude that the judgment of the district court is correct, and it is

AFFIRMED.

PAINE, J., dissents.