FAY E. WILLIAMS, APPELLANT, V. VINCENT BECKMARK, APPELLEE.

33 N. W. 2d 352

Filed July 16, 1948. No. 32380.

*Paul Rhodes, Mothersead & Wright,* and *Robert G. Simmons, Jr.,* for appellant.

*Morrow, Lovell & Bulger* and *Bern R. Coulter,* for appellee.

Heard before PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Plaintiff originally filed a petition in ejectment and to recover from defendant damages for unlawfully withholding possession of the realty here involved. The answer of defendant thereto was a general denial, a factually-claimed, valid, and enforceable contract of purchase, and the making of lasting and valuable improvements in good faith while claiming title and lawful possession of the property. His prayer was for dismissal, or in case of judgment dispossessing him, that defendant should recover under the provisions of the Occupying Claimants Act for the improvements, or, in the alternative, that his contract of purchase should be specifically performed, and "for such other and further relief as may be just and equitable."

After hearing upon the merits, the trial court entered judgment, ejecting defendant and awarding plaintiff damages for unlawful possession, same being the reasonable rental value of the property for the period involved. The judgment found, however, that defendant had placed lasting and valuable improvements on the premises and was entitled to the benefit and protection of the Occupying Claimants Act. Plaintiff appealed from that part of the judgment granting defendant relief under the act, and defendant cross-appealed from that part ejecting him from the premises. Our conclusions therein are

reported in Williams v. Beckmark, 146 Neb. 814, 21 N. W. 2d 745. In that opinion we concluded substantially that defendant had no valid enforceable contract of purchase, either oral or written, and that plaintiff was at all times entitled to possession and the damages awarded, but we reversed that part of the judgment awarding defendant the benefit of the Occupying Claimants Act, primarily upon the ground that defendant had no color of title.

While that appeal was pending, and until April 29, 1946, after judgment on the mandate and execution of writ of possession, defendant kept possession of the property without payment of rents, whereupon plaintiff filed the present action. Plaintiff's petition was in two causes of action. The first was to recover the reasonable rental value of the property from October 17, 1944, to April 30, 1946. The second was to recover the reasonable cost of replacing certain described fixtures or improvements which defendant had put in the house during his alleged unlawful possession, but had torn out and removed when he vacated the property. That cause of action also sought to recover damages to the house itself, not only by reason of the removal aforesaid, but tortiously otherwise having no connection with the removal.

For answer, defendant denied generally the allegations of both causes of action, but admitted that plaintiff was the owner of the property during the period involved, and admitted that defendant had removed the fixtures and improvements described in plaintiff's petition. He alleged, however, that it was done without any substantial injury to the remainder of the house, which was allegedly worth more at the time defendant vacated it than when he took possession.

As a further defense to plaintiff's second cause of action, defendant's answer set forth at length and almost verbatim the allegations of his answer in Williams v. Beckmark, *supra,* relating to his alleged lawful right to possession, and averring that the improvements were

made by him in good faith, believing that he had a valid enforceable contract for purchase of the property. Defendant prayed that plaintiff's action should be dismissed, primarily upon the premise, as argued in the brief and before this court, that defendant was entitled to equitable relief, and that plaintiff could not recover rent or for the reasonable cost of restoring the fixtures or damages if other improvements placed on the property by defendant had increased the value of the property equal to or in excess of the reasonable rental value and damages to the premises by reason of defendant's removal of the fixtures or otherwise. At the same time, defendant also filed an offer to confess judgment in favor of plaintiff and against defendant for $500.

For reply, plaintiff denied generally the allegations of defendant's answer, and set forth verbatim the material allegations of defendant's answer in Williams v. Beckmark, *supra,* together with that part of the final judgment therein to the effect that: "IT IS FURTHER ORDERED ADJUDGED AND DECREED by the Court, that all relief prayed for by the defendant herein is denied." In the light thereof, plaintiff then pleaded res adjudicata.

The issues thus pleaded were over objections of plaintiff and contrary to his proffered instructions, factually submitted and tried to a jury, whereupon defendant was awarded a verdict and judgment thereon. Plaintiff's motion for new trial was overruled, and he appealed, assigning some 17 alleged errors of the trial court. They need not and will not be discussed separately or at length. It is sufficient to discuss and decide that Williams v. Beckmark, *supra,* was res adjudicata of defendant's rights to have credit for or remove the improvements, and that in any event they were not placed on the property by defendant in good faith.

All of the improvements here involved were on the property at the time the former action was filed, heard, and decided. Defendant's answer in the case at bar, as

heretofore pointed out, pleaded substantially the same state of facts as in his answer filed in the former action. The present action is between the same parties as the former. They both involved the recovery of accrued rentals and damages for the unlawful possession of the same property. The relevant evidence in the case at bar was practically identical with that in the former. The only difference in the two defenses was that in the former action defendant prayed for relief under the Occupying Claimants Act and for such other relief as might be just and equitable, while in the case at bar defendant sought only the latter relief. There is no question here of election of remedies or mistake of chosen remedy. Defendant chose and pleaded both remedies in the former case, but stressed only one for his own advantage, while in the present case he simply chose to rely upon the one which he contended had not yet been adjudicated.

The applicable rule is that: "A judgment on the merits constitutes an absolute bar to a subsequent action founded upon the same claim or demand, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but also as to any other admissible matter which might have been offered for that purpose." Triska v. Miller, 86 Neb. 503, 125 N. W. 1070. See, also, Baker v. Somerville, 138 Neb. 466, 293 N. W. 326; Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108.

In Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575, it was held: "A party may not be vexed more than once for the same cause of action, and the doctrine of res judicata includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein."

In Boomer v. Olsen, 143 Neb. 579, 10 N. W. 2d 507, it was said: "It is well-settled law that one may not

be permitted to split a cause of action; that if he might
have had complete relief in an action which was prose-
cuted to final judgment he may not again vex his former
adversary with another suit based upon the same wrong.
First Nat. Bank of Plattsmouth v. Gibson, 74 Neb. 232,
104 N. W. 174. It is just as well settled that one may
not present issues for determination and avoid the ef-
fect of an estoppel by withholding proof thereof. Slater
v. Skirving, 51 Neb. 108, 70 N. W. 493."

As a general rule, in order that one may recover com-
pensation for improvements, as equitable relief, three
concurrent elements must be shown to exist: (1) The
occupant must have made the improvements in good
faith; (2) he must have been in actual or constructive
possession adversely to the title of the true owner; and
(3) his possession must have been held under color or
claim of title. See 42 C. J. S., Improvements, § 7, p.
432, and 31 C. J., Improvements, § 27, p. 319, together
with sections cited *infra* in the notes. The latter element
was fully adjudicated in the former action as being non-
existent. It would appear then without doubt that de-
fendant's right to recover for or have credit for the im-
provements placed on the premises by him was entirely
litigated and determined in the former action, and thus
res adjudicata.

In any event, even if defendant were not estopped by
the former judgment from making claim for the right
to remove or to recover the value of the improvements
placed on the premises by him, still the evidence con-
clusively shows that as a matter of law they were not
made in good faith, which would itself bar defendant's
claimed rights.

As stated in 42 C. J. S., Improvements, § 7, p. 435:
"As a general rule an occupant of land is not a possessor
in good faith and hence is not entitled to compensation
for improvements which he makes thereon after he
has notice or knowledge that his title is defective, or
notice or knowledge of an adverse title or claim to the

property in another; and this rule has been held to apply, although the owner knew that the improvements were being made and offered no objections. Otherwise stated, an occupant making improvements must, to be a possessor in good faith, be ignorant that his title is contested by one having or claiming a better right." See, also, 31 C. J., Improvements, § 29, p. 321, § 31, p. 323.

Also, as stated in 27 Am. Jur., Improvements, § 14, p. 270: "The right to recover the value of improvements depends upon the good faith of the occupant, and not upon any lack of diligence in the owner in claiming his rights; hence, the fact that while the improvements were in progress the owner was not in a condition to assert his title will not affect the occupant's right as to the improvements. On the other hand, the personal belief of an occupant that he acted in good faith is not conclusive on that issue. A purchaser who knows all the facts about an outstanding valid title, but who in good faith mistakes the law in reference thereto, has been held not to be a bona fide purchaser entitled to an allowance for his improvements."

In Cram v. Cotrell, 48 Neb. 646, 67 N. W. 452, 58 Am. S. R. 714, this court held that: "For the purpose of redemption a purchaser in good faith at the judicial sale, believing he has a good title, will be entitled to credit for improvements made upon the property; but one who buys with notice of the facts is not a purchaser in good faith within the meaning of the rule, and is not entitled to such credit." In the opinion it was said: "Stoddar was not a purchaser in good faith within the meaning of this rule. If he did not know of plaintiffs' rights when he took the mortgage, he learned them within a very few days thereafter. * * * He had full notice of all the facts. A mistake of law would not protect him."

In the case at bar, defendant himself testified substantially that on April 19, 1944, plaintiff came to his home, mad, and asked him why he was working in the

house, told defendant that the place belonged to him, wanted to know what defendant was doing in his house, and said that he was going to Scottsbluff and get somebody that could handle it. A letter offered by defendant, which threatened plaintiff with a suit for specific performance, demonstrated that defendant knew of plaintiff's claim to the property on April 10, 1944. The evidence disclosed that defendant immediately after talking with plaintiff, made investigation and became possessed of all the facts relative to plaintiff's claims and ownership. The evidence disclosed that all of the improvements here involved were made by defendant after he had notice and knowledge of plaintiff's claims. Thereafter, it was not possible for defendant to have placed the improvements upon the property in good faith. The case at bar does not come within any exception to the general rule heretofore set forth.

A statement appearing in Williams v. Beckmark, *supra*, has application here. Therein it was said: "The difficulty with defendant's theory is that Williams did not give nor authorize the giving of possession to the defendant. Plaintiff has made no binding contract nor has he performed or partially performed any purported agreement. Clearly, the defendant cannot by his own unilateral action put himself in a position to invoke the powers of a court of equity when the defendant has made no binding agreement and has so asserted at every stage of the proceedings."

It is generally the rule that: "In the absence of statute, any permanent improvement placed upon the land of another, by one having no interest or title therein, without the owner's consent, prima facie becomes a part of the realty and belongs to the owner of the fee, although it was placed thereon by mistake, or with a view of enforcing an adverse right in the land, unless there is an express agreement which takes the case out of the rule, or unless the owner is estopped to claim such ownership." 31 C. J., Improvements, § 3, p. 309; 42 C. J. S.,

Improvements, § 3, p. 423. See, also, Carter v. Brown, 35 Neb. 670, 53 N. W. 580. It is also the rule that if improvements become a part of the realty, they may not be lawfully removed by the person making them, in the absence of statutory authority or agreement with the owner. 31 C. J., Improvements, § 7, p. 311; 42 C. J. S., Improvements, § 4, p. 425.

The case at bar comes squarely within the foregoing general rule and not within any of its exceptions. Admittedly, the realty belonged to plaintiff, and in the situation presented here, the fixtures having been made as an improvement thereon, also belonged to plaintiff as a part of the realty. Defendant had no lawful right to remove them, and when he did so plaintiff was entitled to recover from him the reasonable cost of replacing such improvements with like kind and quality, and otherwise restoring the property to substantially the same condition it was before vacated by defendant.

In that connection, the applicable measure of plaintiff's damages will be found in Koyen v. Citizens Nat. Bank, 107 Neb. 274, 185 N. W. 413, wherein it was held that: "Where property, a part of the realty to which it is attached, is destroyed without damage to the realty itself, and where the nature of the thing destroyed is such that it is capable of being replaced at once, and the cost of doing so is capable of reasonable ascertainment, the measure of damages for its negligent destruction is the reasonable cost of replacing the property in like kind and quality." The rule was applied in Wendt v. Yant Construction Co., 125 Neb. 277, 249 N. W. 599. See, also, 25 C. J. S., § 84, p. 604.

With regard to the rents recoverable by plaintiff, it is the general rule in the absence of statute "that in estimating the rents and profits to be charged against the occupant, he should be required to account only for those rents and profits which might properly have been charged had the improvements not been made, and not for rents and profits on the land as enhanced in value

by the improvements placed thereon by him." 42 C. J. S., Improvements, § 12, p. 450; 31 C. J., Improvements, § 60, p. 339. As indicated in said authorities, the rule has particular application where no compensation is allowed the occupant for improvements, as in the case at bar.

For the reasons heretofore stated, we conclude that the only issues which should have been submitted to the jury were the reasonable rental value of the property for the period involved, and the reasonable cost of replacing the fixtures and improvements admittedly removed by defendant, together with the reasonable cost of restoring the house itself to substantially the same condition it was before vacated by defendant, if it were otherwise tortiously damaged by him, as claimed by plaintiff.

We decide that the trial court erred in submitting any other issues to the jury and that the judgment should be and hereby is reversed and the cause is remanded for new trial in conformity with this opinion.

REVERSED AND REMANDED.