ARNOLD J. ANDERSON ET AL., APPELLEES, V. ANNA M.
ANDERSON ET AL., APPELLANTS.
50 N. W. 2d 224

Filed December 7, 1951. No. 33039.

*Eugene D. O'Sullivan, Fred Jack,* and *John A. Mc-Kenzie,* for appellants.

*Swenson, Viren & Turner,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for partition of the northwest quarter and the north half of the southwest quarter of Section 19, Township 22 North, Range 10 East of the 6th P. M., Burt County, Nebraska. The pleadings at the time of the entry of decree were the amended and substituted petition of appellees, the answer of appellants, and the motion for judgment on the pleadings made by appellees. The basis of the motion, as stated therein, was that the matters pleaded in the answer had been previously adjudicated by this court adversely to appellants and that they were barred and estopped from interposing them as a defense. The case was submitted to the district court. It found that the motion should be sustained and it rendered a decree of partition of the land. Appellants by this appeal seek a reversal of the decree.

The substance of the petition, so far as necessary to be stated herein, was that: The land was conveyed by warranty deed in fee simple to Charles P. Anderson and his son, Elmer S. Anderson, as tenants in common, to each an undivided one-half thereof. Charles P. Anderson died intestate and left surviving him his heirs

Caroline Anderson, his widow, Elmer S. Anderson, Arnold J. Anderson, Harry R. Anderson, and Clarence A. Anderson, his sons. Clarence A. Anderson and Josie Anderson, his wife, conveyed their interest in the land to Caroline Anderson. Elmer S. Anderson died intestate leaving surviving him his heirs Anna M. Anderson, his widow, Lucile Marie Thorndyke, Gladys Bernice Jack, Clifford E. Anderson, Charles T. Anderson, and Roy I. Anderson, his children. Caroline Anderson died testate. Her will was admitted to probate. She was seized of an undivided one-fourth of the land. She devised her interest in the north half of the northwest quarter of said Section 19 to Clarence A. Anderson, and she devised her interest in the south half of the northwest quarter and the north half of the southwest quarter of Section 19 to the children of Elmer S. Anderson, deceased. The appellees Arnold J. Anderson, Harry R. Anderson, and Clarence A. Anderson, sons of Charles P. Anderson, and appellants Anna M. Anderson, Lucile Marie Thorndyke, Gladys Bernice Jack, Clifford E. Anderson, Charles T. Anderson, and Roy I. Anderson, widow and children of Elmer S. Anderson, deceased, were the owners as tenants in common of the land, and the share of each was specifically alleged. The history of, proceedings had, and the decree rendered in a suit to quiet title to the land brought and prosecuted by the appellants above named against the appellees named above and Josie Anderson, the wife of Clarence A. Anderson, in the district court for Burt County, Nebraska, and the fact that an appeal was prosecuted from the decree and a final determination made by this court adverse to the claims and contentions of the appellants, were alleged and set forth, including allegations concerning the pleadings in the district court, a copy of the decree rendered therein, and a copy of the opinion and decision of this court. Appellees asked for a partition of the land.

The parts of the answer important to a determination

of the appeal are: A denial of the allegations of the petition, except an admission that the warranty deed by which the land was conveyed named Charles P. Anderson and Elmer S. Anderson as grantees, and that the deed was recorded in the office of the register of deeds of Burt County, Nebraska, on March 8, 1920; the allegations therein that Elmer S. Anderson on May 23, 1919, purchased the land and agreed to pay therefor $67,900, and that he during his lifetime and appellants thereafter have paid all of the purchase price except $11,000 represented by a mortgage on the land; that Elmer S. Anderson took possession of the land on the 4th day of March 1920, and thereafter had until his death on the 22d day of March 1940, continuous, exclusive, notorious, and adverse possession thereof, and after his death appellants continued and had like possession and occupancy of said premises until the time of the filing of the answer, and by virtue thereof they were the absolute owners of all of the premises and were in the actual and exclusive possession thereof; that appellees, or any of them, have no right, title, or interest in or to any part of the land, and they, or any of them, have not been in the possession thereof; that an appeal was taken to this court from the decree rendered in the suit to quiet title by the district court, and that the decree was reversed and the case dismissed by this court for the reason that the evidence of plaintiffs in the suit to quiet title (who are the appellants in the pending case) was insufficient to sustain the cause of action to quiet title or the decree rendered by the district court, and that no other matter, question, or issue was considered or determined by this court in the suit to quiet title; and that this court in its opinion or its decision in that case did not determine that appellees in this case were the owners of any part of said property, or were at any time in the possession thereof, or that they ever had any interest of any kind or nature therein. The prayer of the answer was that the court find and

adjudge that appellees have no right, title, or interest in or to the land, and that the partition action be dismissed.

The motion of appellees for judgment on the pleadings admitted the truth .of the facts well pleaded in the answer of appellants, and all inferences reasonably drawn therefrom. It did not admit conclusions stated in the answer. It conceded the untruth of the allegations of the petition insofar as they were controverted by the answer. If upon the pleadings appellees were entitled by law to judgment in their favor, the motion was properly granted and a decree was justifiably entered. Gilbert v. First National Bank, 154 Neb. 404, 48 N. W. 2d 401; International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620; Meyer Bros. Drug Co. v. Hirsching-Morse Co., 94 Neb. 309, 143 N. W. 206.

Obviously the correctness of the action of the district court turns on whether or not this court in the prior suit by appellants against appellees for a decree quieting title to the land in appellants adjudicated adversely to them the matters alleged in the answer in this case as a basis for their claim that they are the owners of the land subject only to the mortgage thereon.

Reference is made by statements in the pleadings of the parties to the former action to quiet title, to matters involved therein, the action taken by the district court, the final result of the case as shown by the opinion and decision in this court, and the respective claims of the parties as to the effect thereof on this case. The situation makes appropriate a resort to the doctrine that this court will take judicial notice of a final order made by it in another case which is so interwoven and interdependent with the pending case as to justify the application of the rule. It is an exception to the general rule that the court will not ordinarily take judicial notice of the records in another case, recognized by the necessity of giving effect to a former holding which finally decided questions of fact and law. Witzenburg v. State, 140

Neb. 171, 299 N. W. 533; In re Estate of McCleneghan, 145 Neb. 707, 17. N. W. 2d 923; Glissmann v. Orchard, 152 Neb. 500, 41 N. W. 2d 756.

The deed referred to and relied upon in the suit to quiet title, by which the land was conveyed and in which Charles P. Anderson and Elmer. S. Anderson were named as grantees, was recorded on March 8, 1920, and the recited consideration was $67,900. The date of the contract by which it was claimed in that case that Elmer S. Anderson bought the land was May 23, 1919. These facts identify the contract, deed, and transaction under and by virtue of which appellants claim title to the land in the partition case. The record title as alleged and shown in the first case from March 8, 1920, until the time of the decree in the district court in that case, except as affected by the death of Charles P. Anderson and Elmer S. Anderson, the administration of their estates, the death of Caroline Anderson and the probate and provisions of her will, and the deed from Clarence A. Anderson and his wife to Caroline Anderson, was identical with the record title asserted in the present record. Appellants alleged in the former case that Elmer S. Anderson purchased the land by contract of May 23, 1919, under which it was conveyed to him· and his father, Charles P. Anderson, as grantee; that Elmer S. Anderson paid or secured the entire purchase price; that his father paid no part of it but did make loans, the proceeds of which were applied by the son on the purchase price; and that the father did not acquire or have any ownership of the land or any part of it. The basis of the claim of appellants in that case was amended by asserting that the father was to loan his son Elmer S. Anderson such amounts as he desired to use in his business, and that the father was named as one of the grantees in the deed to secure the repayments of the loans to him. It was also claimed by appellants in the first case that any claim of ownership of the land or any part of it made by appellees through and as heirs of their father, Charles

P. Anderson, was barred by the statute of limitations and adverse possession of the land since 1920 by Elmer S. Anderson and his wife and children. Anderson v. Anderson, 150 Neb. 879, 36 N. W. 2d 287.

In this case appellants claim and plead, as they did in their former action involving the land, that Elmer S. Anderson bought it on May 23, 1919, for $67,900, and that he and appellants paid all of the purchase price except $11,000, represented by a mortgage on the land, but the deed of the land was made to Charles P. Anderson and Elmer S. Anderson as grantees and was recorded on March 8, 1920; that Elmer S. Anderson took possession of the land on March 4, 1920, and had and continued open, exclusive, hostile, and adverse possession of it from then until his death on March 22, 1940; and that appellants continued such occupancy and possession thereafter and they became and are the absolute owners of the whole of the land, subject only to the mortgage thereon, and appellees, or any of them, have no interest in or title to any part of the land.

It thus affirmatively and definitely is shown that the over-all contention in the suit to quiet title to the land and in this partition action was and is the ownership of the land, and that in each the claim of ownership of the land made by appellants is based upon the ownership of the land by Elmer S. Anderson in his lifetime by purchase and by adverse possession, the fact of his death, and that they succeeded to his rights in the land as heirs. Specifically appellants have attempted in each of the actions to put in issue two questions of fact: One, concerning the original purchase of the land and the nature of the deed conveying it to Charles P. Anderson and Elmer S. Anderson; and the other, ownership of the land by Elmer S. Anderson by adverse possession. These questions were both adjudicated adversely to appellants in the suit to quiet title. Anderson v. Anderson, *supra*. That determination is not only final and binding upon

everyone involved in the present case, but also upon this court.

It has often been said and has recently been repeated by this court in Baum v. McBride, 152 Neb. 152, 40 N. W. 2d 649, that: "It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action." See, also, Nelson v. Nelson, 152 Neb. 741, 42 N. W. 2d 654; Callahan v. Prewitt, 143 Neb. 793, 13 N. W. 2d 660; Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108.

An adjudication by this court extends to all matters decided expressly or by necessary implication and not alone to the questions actually and formally presented but to all existing in the record and necessarily involved in the decision. Kuhns v. Live Stock Nat. Bank, 138 Neb. 797, 295 N. W. 818. A litigant, if he might have had all of the relief he seeks in an action he has brought and prosecuted to final judgment, may not again vex his former adversary with another suit based on the same wrong. If a matter becomes the subject of litigation and is adjudicated, the law requires the parties to bring forward their whole case and will not generally permit the same parties to open the same subject of litigation in respect to a matter which might have been brought forward as a part of the subject contested but which was omitted as a part of the case. The plea of res judicata applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation and which the parties exercising reasonable diligence might have brought forward at the time. A litigant may not be permitted to split a cause of action or present an issue for determination and avoid the effect

of an estoppel by withholding proof of it. Boomer v. Olsen, 143 Neb. 579, 10 N. W. 2d 507; Williams v. Beckmark, 150 Neb. 100, 33 N. W. 2d 352; Pettijohn v. County of Furnas, 150 Neb. 736, 35 N. W. 2d 828.

The incidence that the first suit was to quiet title to the land and the pending case is for partition of the land is unimportant. An issue, pleaded as title by adverse possession was in the former case, is not immune to the adjudication made in the case by the withholding or absence of proof supporting the issue, nor does the fact that there is only a mere mention of an issue in the opinion or decision of the court affect the determination of the issue by the decision made in the case. In Slater v. Skirving, 51 Neb. 108, 70 N. W. 493, 66 Am. S. R. 44, this court said: "A party may not present issues for determination and avoid the effect of an estoppel by withholding proof thereof. * * * Therefore, where a plaintiff alleges several facts, the proof of any one of which entitles him to judgment, and there is a general finding against him, it will be conclusively presumed that each fact so averred was determined against him." See, also, Williams v. Beckmark, *supra;* Shepard v. City of Friend, *supra;* State ex rel. Sorensen v. Newman Grove State Bank, 128 Neb. 422, 259 N. W. 170.

Appellants contend that a general denial was included with the affirmative matters pleaded in their answer, and that the trial court was, because of this, in error in sustaining the motion for judgment on the pleadings. The effect of the answer was to plead an avoidance of the interests in the land alleged in the petition to be owned by appellees as tenants in common with appellants. The matters asserted to avoid the claims of appellees had been, as stated above, determined by a final decision of this court adversely to appellants. The allegations of the petition sought to be avoided by the claims of ownership of the land by purchase thereof by Elmer S. Anderson and title in him by adverse possession must be treated as admitted notwithstanding the

answer also contained a general denial. This has long been the doctrine of this court frequently announced and last applied in Hueftle v. The Farmers Elevator, 145 Neb. 424, 16 N. W. 2d 855: " 'Facts alleged in a petition to which the defendant in his answer pleads a waiver, an estoppel, or a matter to avoid, will be treated as admitted, though the answer also contains a general denial.' Nason v. Nason, 79 Neb. 582, 113 N. W. 139; Fielding v. Publix Cars, Inc., 133 Neb. 818, 277 N. W. 331."

The final decision of this court in the suit to quiet title estopped appellants from claiming any different or greater interest in the land than the shares stated and awarded to them by the decree of partition in this case.

The judgment of the district court should be, and it is, affirmed.

AFFIRMED.